CAPPEL v. WEIR.

(Supreme Court, Appellate Term. February 23, 1905.)

1. EXPRESS COMPANY—FAILURE TO DELIVER PACKAGE—ACTION—EVIDENCE—ADDRESS ON PACKAGE.

Though a receipt given by an express company showed that the package was addressed to "108 11th St.," in an action for failure to deliver it was error not to admit evidence that the package was marked "118 11th St."

2. CARRIERS—LIMITATION OF LIABILITY—ACTION—GOVERNING LAW.

Where an express company contracted in Pennsylvania to carry a package to New York, but failed, after its arrival in New York, to deliver it to the consignee, in an action for such failure a clause of the contract limiting liability to $50, valid in New York, would be enforced, though such limitation is not recognized under the law of Pennsylvania, it appearing that the limitation is enforced in Pennsylvania, where the breach has occurred in a jurisdiction recognizing the limitation.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Clara Cappel against Levi C. Weir, as president of the Adams Express Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

See 90 N. Y. Supp. 394.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Guthrie, Cravath & Henderson (R. R. Rogers and Bridgham Curtis, of counsel), for appellant.

Raphael Link, for respondent.

GIEGERICH, J. The plaintiff recovered a judgment for $125 and costs for the failure of the defendant, as president of a joint-stock association express company, to deliver a box of goods sent from Philadelphia, Pa., to New York City. Two questions are presented for decision: First, was there error in excluding evidence as to the address upon the box? and, second, was there error in refusing to limit the amount of the recovery to $50?

The receipt given by the express company to the person who shipped the goods states, among other things, that they were marked, "Heyman 108 E. 11th Street, New York." No attempt was ever made to deliver them at No. 108, but an attempt was made to deliver them at 118. Failing to find the addressee at the latter place, the company's agents carried the box back to the company's warehouse, where it was consumed a few days afterward in a conflagration originating from unknown causes which destroyed the warehouse. The company attempted to prove at the trial that the box was in fact addressed to 118, not 108, as stated in the receipt; but the evidence was excluded apparently on the theory that the paper constituted a contract between the parties, the terms of which could not be waived or contradicted by parol. While the shipping receipt was a contract in some of its portions, it was in part in question simply a receipt, in our opinion, and open to contradiction, like any other receipt. While no case directly in point has been called to our attention, there are numerous decisions that the recital in a receipt of the address borne by a package shipped is only

a mark of identification or description, and does not import a contract to carry, beyond the defendant's route, to the place named. Wright v. Boughton, 22 Barb. 562; Van Santvoord v. St. John, 6 Hill, 157; Babcock v. Lake Shore R. Co., 49 N. Y. 491. The distinction between the features of such a paper which are contractual in character on the one hand and those which are merely portions of a receipt on the other is well stated in Goodrich v. Norris, 10 Fed. Cas. 609, 611, as follows:

"The contract is for the transportation of the goods, for their delivery, for the stipulated freight, etc. But the statement that the goods embraced within this contract have been received on board the vessel, and that they are of such and such description in point of quantity, quality, condition, marks, and numbers, etc., are in the nature of a receipt; not an agreement."

The justice of the view that evidence is admissible of the actual address on the box becomes more apparent if the situation is considered as reversed. If the address on the package had been correctly printed by the shipper, and a mistake made in the receipt by the carrier, it would be manifestly unjust to allow the carrier to escape liability for nondelivery by showing that the consignee could not be found at the address appearing in the receipt, and by objecting to any evidence to show that the address on the package was correct, the receipt notwithstanding. Our conclusion on this point is that, however cogent as evidence the receipt may be as to the actual address which the box bore, it was nevertheless not conclusive, and other evidence should have been admitted. For this reason a new trial must be had; but, as the question of limiting the defendant's liability to $50, as provided in the contract, will probably arise again on such new trial, it will be better to pass upon it now.

In support of the judgment it is argued that, while the limitation referred to is good under the law of this state, it is equally true that our decisions are that a contract for the carriage of goods is governed by the law of the place where it is made; citing on this point Grand v. Livingston, 4 App. Div. 589, 38 N. Y. Supp. 490; China Mut. Ins. Co. v. Force, 142 N. Y. 90, 36 N. E. 874, 40 Am. St. Rep. 576; Liverpool, etc., Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788; Dyke v. Erie R. R. Co., 45 N. Y. 113, 6 Am. Rep. 43; Am. & Eng. Ency. of Law (2d Ed.) vol. 22, p. 1351; Encyclopedic Digest, vol. 3, p. 413; and that the law of Pennsylvania declares such a provision limiting liability to be ineffectual. In response to this the defendant rejoins that, while the courts of Pennsylvania have held that a carrier may not limit his liability for negligence, they have also held that this rule applies only where the negligent act occurs in some jurisdiction whose laws also forbid such limitation, and not when it occurs in a jurisdiction whose laws permit such a limitation. This contention is borne out by the decision in Hughes v. Pennsylvania R. Co., 202 Pa. 222, 51 Atl. 990, 63 L. R. A. 513, 97 Am. St. Rep. 713 (which case, and others as recorded in the Reports, were put in evidence by stipulation), where it was said:

"Where a contract containing a stipulation limiting liability for negligence, is made in one state, but with a view to its performance by transportation through or into one or more other states, we see no reason why it should not be construed in accordance with the law of the state where its negligent breach, causing injury, occurs. If such a contract comes under construction

in a state like Pennsylvania, whose policy prohibits such exemption, and the injury has occurred in a state where the contract is valid, these stipulations will be enforced, as in Forepaugh v. R. R. Co., 128 Pa. 217, 18 Atl. 503, 5 L. R. A. 508, 15 Am. St. Rep. 672, and in Fairchild v. R. R. Co., 148 Pa. 527, 24 Atl. 79. But if the injury has taken place within its limits, it will declare the contract null and void, as in Burnett v. R. R. Co., 176 Pa. 45, 34 Atl. 972. In the Fairchild Case, as the injury occurred in Maryland, this court enforced the law of that state. If the injury to the horse had been delayed until in the course of the journey it had reached Pennsylvania, our own law of public policy would have controlled."

If, therefore, this action had been brought in the state of Pennsylvania, the limitation in question would have been enforced. Such being the fact, we can see no reason why the courts of this state should attempt to enforce a rule of public policy of a sister state under circumstances in which the courts of that state would not so do. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.