of money would have been retained to meet and pay any judgment which might be recovered. The sum so retained would have been deducted from moneys earned by the firm prior to February 1, 1902, when the assignment to defendant took effect. Upon these assumptions the plaintiff's sole claim against the defendant must rest, if it can be sustained at all, upon a clause in the assignment by which the assignee, this defendant, agreed that it "will do and perform every act and thing necessary under the said contract for its complete and faithful performance to the end that the parties of the first part may receive each and all of the said moneys herein mentioned without delay." The argument based upon this clause is, as we understand it, that a sum sufficient to meet plaintiff's claim might have been retained out of the moneys earned by the assignor firm prior to February 1, 1902; that these moneys could not be released without a settlement of plaintiff's claim, and that, therefore, defendant was bound to settle the claim in order to release the amount retained out of the moneys earned by the assignor. There are two answers to this proposition. The first is that, whatever may be said of the original contract, it is quite apparent that the assignment from the firm to the corporation was not made or intended for the benefit of plaintiff, or of others similarly situated. The second is that no such obligation, even as between the parties, is established by the assignment. The whole document deals with the future. The obligation assumed by the assignee refers to matters to be done in the future, and all that the assignee undertakes is that it will perform, after the date on which the assignment became effective, every act and thing necessary to be done by it under the contract. This falls far short of assuming antecedent liabilities incurred by the assignor. We are unable to find any theory of law under which the judgment can be sustained, and it is accordingly reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed and a new trial granted, with costs to appellant to abide the event. All concur.

---

**BARNES et al. v. LONG ISLAND R. CO.**

(Supreme Court, Trial Term, Queens County. May, 1905.)

1. CARRIERS—LIMITING LIABILITY—VALIDITY.

  The clause in a contract of through shipment limiting the carrier's common-law liability, being void in the state where the contract was made and from which the shipment was made, is void in the state to which the shipment was made.

  [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 650.]

2. SAME—NEW CONTRACT—CONSIDERATION.

  Where goods are shipped under a through contract of shipment, a new contract made by the shipper with a connecting carrier, after it has received the goods as a connecting carrier, merely limiting its liability, being without consideration, is void.

Action by William S. Barnes and others against the Long Island Railroad Company for damages to colts and fillies in transit. Plain-

tiff had verdict for $3,000. Defendant moved on the minutes for a new trial; also moved to reduce the verdict to the amount of the limited liability specified in the contract of shipment, which question was reserved during the trial. Denied.

William Lindsay, for plaintiffs.
William C. Beecher, for defendant.

GAYNOR, J. The plaintiffs delivered 29 yearling colts and fillies to the Adams Express Company at Lexington, Kentucky, under a contract with the said company for through shipment by it to Sheepshead Bay, N. Y. The through freight was paid in advance to the said company.

1. The written contract of shipment limited the carrier's liability to $75 for each animal. But that clause was void in Kentucky, the constitution of that state forbidding the making of contracts by common carriers for the limitation of their common-law liability. Section 196. And being void where made the contract is void here. Grand v. Livingston, 4 App. Div. 589, 38 N. Y. Supp. 890; 158 N. Y. 688, 53 N. E. 1125.

2. At Long Island City, the terminal of the defendant's railroad, a new contract of shipment was executed by its agent and the person in charge of the horses on the way for the plaintiffs, which limited the carrier's liability to $100 an animal.

But before the making of this contract the defendant had already, i. e., about two hours before, received the animals as a connecting carrier from the Adams Express Company, and made a written agreement with that company to carry them to their destination, as I find to be the fact. Its later contract with the plaintiffs' employee was therefore without consideration and void. It contracted for nothing new or additional, beyond what it was already bound to, and no consideration was paid to it. I also find that the plaintiffs' employee had no authority to make the contract.

All questions both of fact and law in respect of the contracts of shipment were left to the court on the trial and reserved for decision until after verdict by consent.

After a careful consideration, I am satisfied that the verdict is not excessive.

Motions denied.