NOCITO v. ACIERNO.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL—EVIDENCE OBTAINABLE.

In an action for slander, the complaint alleged that defendant accused plaintiff of setting fire to a drug store for the purpose of fraudulently obtaining the insurance thereon. The answer was a general denial, with two separate defenses, one of which alleged that a third person came

in after the alleged slanderous statement was made, at which plaintiff told the third person that he was a witness, but that defendant did not know who the third person was. The answer also set up facts in mitigation of damages. *Held*, that defendant was not entitled to an examination of plaintiff before trial, there being no issue as to whether or not plaintiff set fire to the drug store, and such examination not being authorized for the purpose of finding out the name of the third person, as none of the testimony obtainable by such examination could be material upon the trial of any of the issues raised.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 54.]

Appeal from Special Term.

Action by Antonio Nocito against Gioacchino Acierno. From an order denying a motion to vacate an order for the examination of plaintiff before trial, plaintiff appeals. Reversed, and motion to vacate order granted.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

George J. McDonnell, for appellant.
Percival S. Menken, for respondent.

INGRAHAM, J. This was an action for slander; the charge being that defendant said, "You (meaning the plaintiff) are a dishonest man. You (meaning plaintiff) have willfully set fire to your drug store at 9 Spring street, intending to defraud the insurance companies of the amount of your insurance." The answer is a general denial, with two separate defenses, neither of which is a justification, and facts are set up in mitigation of damages. In one of the defenses it is alleged that a third person came in after the conversation at which the plaintiff told this third person that he was a witness, but that the defendant does not know who the third person was.

It does not seem that any of the subjects upon which this defendant seeks to examine the plaintiff can be material evidence upon the trial. An examination before trial is not authorized for the purpose of finding out the name of a third person who will be a witness, and there seems to be no issue here as to whether or not the plaintiff set fire to his drug store at No. 9 Spring street. As none of this testimony could be material upon the trial upon any issue raised by the pleadings, the defendant was not entitled to the examination of the plaintiff.

The order appealed from is reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination of the plaintiff granted, with $10 costs. All concur.