GAVIN v. NEW YORK CONTRACTING CO., PENNSYLVANIA TERMINAL.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. DISCOVERY—CORPORATE OFFICERS—SCOPE AND EXTENT.

Where, in an action against a corporation for injuries to an employé, the negligence charged was failure to furnish plaintiff a safe place to work, in that defendant's locomotive, tracks, roadbed, and embankments were not in proper condition, failure to employ competent fellow workmen and to adopt rules for the guidance of its workmen, and that some person exercising acts of superintendence was guilty of negligence, it was proper, under an order for the examination of defendant through its secretary before trial, for plaintiff to interrogate the witness on matters within his knowledge pertaining to the charges of negligence set forth in the complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 87–89.]

2. SAME.

The test of the propriety of the questions asked a witness on such examination is whether the testimony sought is material, and it was improper to ask questions calling for the witness' opinion as to what certain allegations in defendant's answer meant, or on any other subject, unless he was properly sought to be examined as an expert, or to interrogate him as to reports of, and his knowledge concerning, other accidents happening in the prosecution of defendant's work, unless they were accidents happening prior to the one from which plaintiff claimed his injury, and in the same way and in the same locality, or as to matters pertaining to other parts of defendant's work than the immediate neighborhood of the accident; nor should the witness have been asked the names of other witnesses to the accident, an order for an examination being for the eliciting of testimony, and not to gain information as to who might be called as witnesses.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 87–89.]

Appeal from Special Term, New York County.

Action by Thomas Gavin against the New York Contracting Company, Pennsylvania Terminal. From an order directing defendant's secretary to answer certain questions on an examination before trial instituted by plaintiff, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

J. C. Toole, for appellant.
Charles H. Tuttle, for respondent.

HOUGHTON, J. The action is to recover damages by an employé for personal injuries claimed to have been received through defendant's negligence. The negligence charged against defendant by the plaintiff in his complaint is that it failed to furnish him a safe place in which to work, in that its locomotive engine, tracks, roadbed, and embankments were not in proper condition, and that it failed to employ competent fellow workmen, and that it failed to adopt proper rules for the guidance of its workmen, and, further, that some person exercising acts of superintendence was guilty of negligence. The plaintiff obtained an order for the examination of defendant through its secretary before trial. Upon such examination a large number of questions were objected to and not answered. Thereupon the plaintiff moved for an order directing the witness to answer all of the questions, which was granted, from which the defendant appeals.

Some of the questions were proper, and some were not; and the order directing that all of them should be answered must be reversed. It was proper for the plaintiff to interrogate the witness upon matters within his knowledge pertaining to the charges of negligence on the part of the defendant which the plaintiff had set forth, in his complaint. It was, therefore, proper to ask the witness pertinent questions relating to the construction and character of the tracks, roadbed, and embankment at the point where plaintiff's injury occurred, and as to the locomotive engine and its condition of repair, and also whether the defendant had adopted any rules, and what rules, for the guidance of its employés, and also what knowledge the witness had with respect to the incompetency of plaintiff's immediate fellow workmen or their habitual recklessness of conduct, which would also embrace the witness' knowledge in that respect concerning plaintiff's immediate superintendent. It would be proper for the plaintiff, under the broad allegations of his complaint, to give evidence of these facts upon the trial.

An examination of a party before trial will not be granted, unless the testimony sought is material and proper to be used upon the trial. Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244. Therefore the test of the propriety of the questions put to a witness upon such an examination is whether the testimony sought is material and proper to be used upon the trial of the action. Hence it was improper to ask questions calling for the witness' opinion as to what certain allegations in defendant's answer meant, or upon any other subject, unless he was properly sought to be examined as an expert. It was also improper to interrogate him as to reports of, and his knowledge concerning, other accidents happening in the prosecution of defendant's work, unless they were accidents happening prior to the one from which plaintiff claimed his injury, and in the same way, and in the same locality, which might show notice of a dangerous situation. It was likewise improper to interrogate the witness concerning matters pertaining to other parts of defendant's work than the immediate neighborhood of plaintiff's accident; for it is of no moment to the plaintiff that the defendant was negligent on another part of its work, or that another place on the work was unsafe, and evidence concerning them would be improper upon the trial. Nor should the witness

have been asked the names of other witnesses to the accident. An order for an examination is for the eliciting of testimony, and not to gain information as to who might be called as witnesses.

The court below should have selected such questions as were pertinent and proper to be answered, and confined its order to directing answers to them only.

The order appealed from should be reversed, with $10 costs and disbursements, and the matter remitted to the Special Term for the entry of an order in accordance with this opinion. All concur.