ELSON v. UNGERER.

(Supreme Court, Appellate Division, First Department.    March 6, 1914.)

DISCOVERY (§ 38*)—SUBJECT-MATTER—NAMES OF WITNESSES.

An order for examination before trial is for the eliciting of testimony, and is not authorized for the purpose of finding out the name of a third person who will be a witness.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Appeal from Special Term, New York County.

Action by Benjamin Elson against William Ungerer. From an order denying a motion to vacate an order for the examination of the defendant before trial, defendant appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Nolan Bros., of New York City (Joseph P. Nolan, of New York City, of counsel), for appellant.

CLARKE, J. This is an action for slander. Plaintiff made a motion for an order for examination before trial of the defendant, which motion was granted; the order requiring the defendant to testify "concerning the matters relevant to issues in this action, and that the examination be limited until the further order of this court to the matters set forth in the affidavit of the defendant hereto annexed." (This is obviously a mistake. It should be "of the plaintiff hereto annexed.") In that affidavit is the following:

"The plaintiff is desirous of examining the defendant in reference to the issues raised herein, to wit: The presence of the defendant on or about the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

21st day of April, 1913, in a public restaurant; also of William D. Corson and other persons, and the names and residences of such persons, the statements and words uttered and spoken by the defendant concerning the plaintiff at said time and place, the statements and words uttered by the defendant concerning the plaintiff in the presence of William D. Corson and others, on or about the 22d day of April, 1913, the names and residences of the persons other than Corson present at that time and in the place where the said words were spoken, as alleged in the complaint herein, and the knowledge by defendant that said statements and words uttered by him were false."

In Gavin v. New York Contracting Co., 122 App. Div. 643, 107 N. Y. Supp. 272, Mr. Justice Houghton said:

"Nor should the witness have been asked the names of other witnesses to the accident. An order for * * * examination is for the eliciting of testimony, and not to gain information as to who might be called as witnesses."

In Nocito v. Acierno, 122 App. Div. 45, 106 N. Y. Supp. 785, which was an action for slander, Mr. Justice Ingraham said:

"An examination before trial is not authorized for the purpose of finding out the name of a third person who will be a witness."

The order appealed from should be modified, by providing that the examination should be had concerning the matters relevant to the issues as set forth in the affidavit of the plaintiff, verified July 17, 1913, except in so far as it is sought to obtain the names and residences of the persons present upon the two occasions specified, other than William D. Corson, and, as so modified, affirmed, with $10 costs and disbursements to appellant. All concur.