Louis B. Heller, J.
Motion by plaintiff to strike defendant hospital’s answer for failure to comply with a notice of examination, or for an order directing a further examination.
The complaint seeks to recover for medical malpractice and negligence arising out of the administration of tetanus antitoxin to plaintiff. Section 288 of the Civil Practice Act authorizes the taking of testimony of a party which is material and necessary in the prosecution or defense of an action. Section 289 provides that where a party is a corporation, etc., the testimony of one or more of its officers, directors, agents or employees, which is material and necessary, may be taken. Such an examination should not be permitted for the purpose of a general fishing expedition. In Zenna v. St. Vincent’s Hosp. (13 A D 2d 824, 825) the court stated: “ the purpose of an examination before trial is to elicit testimony which is material and necessary, and not to gain information as to who might be called as witnesses (Civ. Prac. Act, § 288; Gavin v. New York Contr. Co., 122 App. Div. 643). Examination before trial is limited to the instances of express statutory authorization (Lipsey v. 940 St. Nicholas Ave. Corp., 12 A D 2d 414; Matter of Corporation Counsel of City of N. Y. v. Smith, 1 N Y 2d 813; Carey v. Standard Brands, 12 A D 2d 233).”
Plaintiff has examined the defendant doctor who is charged with negligence, and has full knowledge of the treatment given plaintiff in the emergency room of the hospital, excepting insofar as the actual administration of the antitoxin. Such examination has elicited the fact that it was administered by a nurse who has since died. Whether the procedure prior to the witness’ connection with the hospital was different from the procedure followed thereafter, whether there was any record kept of treatment of persons in the emergency room, the number of physicians employed in such room, whether there is a record of such persons, the method adopted at the hospital as to testing for sensitivity to antitoxin injections, whether any other hospital records were kept relative to plaintiff’s care, whether it was the procedure of the hospital for a nurse to render tetanus antitoxin, while probably helpful to plaintiff in gaining information, nevertheless such information, under the circumstances here shown, is not necessary to the full prosecution of the action, since plaintiff is already in possession thereof through his own knowledge and the examination of the defendant doctor.
Motion denied, without prejudice to any other or further application by plaintiff pursuant to sections 288 and 289 of the Civil Practice Act and rule 121-a of the Buies of Civil Practice.