In the Matter of GUARANTEED PICTURES Co., INC., et al., Appellants. ANNE GOLDSTEIN et al., Respondents.— While we are impressed with the merits of the order granting the examination, the appeal as taken by the appellant corporations is unwarranted and, therefore, dismissal is necessary. Appeal unanimously dismissed, with $20 costs and disbursements to the respondents. Present — Callahan, J. P., Breitel, Bastow, Botein and Bergan, JJ.

■

ANNA ALASCIA et al., Appellants, v. THIRD AVENUE TRANSIT CORP. et al., Respondents, et al., Defendants.— As defendants have admitted liability in these consolidated actions, the delay in making the motion to restore the case to the calendar after the verdict of the jury had been set aside for excessiveness should not operate to their prejudice if they are called upon to respond in damages only to the extent of the amounts fixed by the Trial Judge when he set aside the verdict of the jury. Accordingly, the order appealed from is affirmed upon condition that the Home Siphon Filling Corp. tender to plaintiffs respectively, payment of one half of the judgment as subsequently reduced by the trial court, and that plaintiffs be permitted to present their respective claims for the other one half of the judgment, as subsequently reduced, to the codefendant Third Avenue Transit Corp., or its representatives. In the event that defendants do not consent to this arrangement, the order appealed from is reversed and the motion of plaintiffs to restore the cases to the calendar for trial is granted. Settle order on notice. Present — Peck, P. J., Cohn, Callahan and Breitel, JJ. [See 283 App. Div. 696.]

■

In the Matter of the Accounting of EDWARD C. RAFTERY et al., as Executors and Trustees under the Will of MAURICE A. SHEA, Deceased, Respondents. MARGARET L. SHEA et al., Appellants.— Order unanimously affirmed, with one bill of $20 costs and disbursements to the respondents. No opinion. Present — Peck, P. J., Dore, Cohn, Callahan and Bergan, JJ. [Order denied motion for order directing executors to file and prove all personal claims against estate.]

## (December 10, 1953.)

■

ELEANOR H. ROSE, Respondent, v. BILLY ROSE, Appellant.— A Trial Judge retains a continuous power to direct a further examination of a party in aid of the trial even though a previous examination has been completed or discontinued by the court. We treat the order of Special Term, Part IV, as such a further direction for examination in aid of the trial. This court has heretofore expressed the view that an examination of defendant is indicated on this record. (*Rose* v. *Rose*, 282 App. Div. 682.) We are unwilling that additional and circuitous collateral proceedings delay a final judgment in this case. The further examination now directed shall proceed promptly and continuously before the Referee. It shall be completed on or before January 15, 1954, and the trial of the action promptly resumed and continuously prosecuted to judgment. Settle order on notice. Present — Callahan, J. P., Breitel, Bastow, Botein and Bergan, JJ.