■ MARGIE AMOROS, Respondent, v PATSY MARTELLI et al., Respondents, and ARTHUR GUNZL et al., Appellants.—Order, Supreme Court, Bronx County, entered October 7, 1976, insofar as it granted respondent-defendants' cross motion for an order directing the examination before trial of the plaintiff and all codefendants, unanimously affirmed, with $40 costs and disbursements to respondents Martelli and Slattery Assoc. While the failure of the respondents to appear at the first scheduled examination may have been due to attorney error, the inconvenience to the appellants in having to appear for another examination is overbalanced by the prejudice to the respondents were they deprived of it. We find no abuse of the Special Term's continuing discretionary power to direct another examination (Rose v Rose, 282 App Div 1028). Concur—Lupiano, J. P., Capozzoli, Lane, Markewich and Lynch, JJ.

■ RANDYE KORNBLUM, Appellant, v DAVID KORNBLUM, Respondent.— Order, Supreme Court, New York County, entered October 22, 1976, denying plaintiff's motion for alimony pendente lite and counsel fees with leave to renew that branch of her motion seeking counsel fees at trial, unanimously modified, on the law and the facts, to the extent of conditioning the denial of the motion on defendant's continuing to pay the rent on the marital apartment, and, as so modified, affirmed, without costs and without disbursements. In fixing the amount of temporary alimony to be awarded, the court looks, in the first instance, to section 236 of the Domestic Relations Law which provides that the court may direct the husband to provide "suitably for the support of the wife as, in the court's discretion, justice requires, having regard to the length of time of the marriage, the ability of the wife to be self supporting, the circumstances of the case and of the respective parties." "The ultimate determination in each case must depend upon a balancing of several factors—the financial status of the respective parties, their age, health, necessities and obligations, their situation in life, the duration and nature of the marriage and the conduct of the parties" (Phillips v Phillips, 1 AD2d 393, 398, affd 2 NY2d 742). On this record it is concluded that in order to achieve a fairer balance of the equities, defendant should continue to pay the rent on the marital apartment. "The best protection to both parties against any unfairness in the fixing of temporary alimony on the basis of affidavits is a speedy trial rather than appeal or reference" (Bleiman v Bleiman, 272 App Div 760). At the trial, the disposition herein should have no effect in the determination on the grant of permanent alimony or counsel fees, which determination should rest upon the evidence adduced at said trial. On this record, modification is limited to the foregoing observations. Concur—Lupiano, J. P., Capozzoli, Nunez and Markewich, JJ.