Frank Del Vecchio, J.
This is a motion for an order directing plaintiff to answer certain questions upon her examination before trial.
Upon advice of counsel, plaintiff refused to furnish the following information:
a. What hospital plaintiff was treated at immediately subsequent to the accident.
b. What doctors treated the plaintiff subsequent to the accident.
c. What nurses treated the plaintiff subsequent to the accident.
d. What was the amount of payment that the plaintiff had received in settlement of her claim against the driver of the car in which she was a passenger at the time of the accident.
e. Whether or not the plaintiff signed a release of her claim against the driver of the said automobile.
f. What is the name of the insurance company that carried liability insurance upon the driver of the automobile at the time of the accident.
Defendants claim that the answers to the questions by .which they seek the above information are relevant to the issue of damages and that under rule 121-a of the Rules of Civil Practice they are entitled to this information.
Plaintiff, on the other hand, claims that this testimony is not material and necessary to the defense of the action and that plaintiff, not defendants, is required to prove all the items of damages. ■
Rule 121-a must be construed with section 288 of the Civil Practice Act and the testimony sought must he not only relevant but also ‘ ‘ material and necessary ’ ’ to the defense of the action as raised by the pleading,
*110 In Piccarreto v. Rochester Gen. Hosp. (283 App. Div. 1003) the Fourth Department stated that ‘6 Rule 121-a does not enlarge the extent of examinations permitted under section 288 of the Civil Practice Act as set forth in previous decisions of this department.” The Fourth Department has held that a party will not generally be compelled to disclose names of witnesses at an examination before trial. (Kosiur v. Standard-North Buffalo Foundries, 255 App. Div. 930; White v. Sibley, Lindsay & Curr Co., 283 App. Div. 1007.) Plaintiff is, therefore, not required to furnish the information referred to in paragraphs “ a., b., and c.” above.
Since plaintiff’s attorney agreed upon the argument of the motion to furnish defendants with the information sought by paragraphs “ d., e. and f.” it is not necessary for the court to pass upon the propriety of these items.
Prepare order accordingly.