W. N. BRITTON REALTY COMPANY, INC., Appellant, v. WILLIAM L. CLAY, Respondent.— Order reversed on the facts as matter of discretion, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Memorandum: Both actions relate to the contract relation of client and attorney between the appellant and the respondent and should be tried together in the interest of speedy and efficient administration of justice. All concur. (The order denies a motion to remove the case from the City Court of Rochester, Civil Branch, to the Supreme Court and to consolidate.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

AGNES KOSIUR, as Administratrix, etc., of MICKEL KOSIUR, Deceased, Respondent, v. STANDARD-NORTH BUFFALO FOUNDRIES, INC., Appellant.— Order modified by striking out the third ordering paragraph and by amending the second ordering paragraph by striking out the words " and it is further " and by inserting in place thereof " such inspection and survey and the taking of pictures to be made on the same occasion at a time to be agreed upon between the parties or in case of failure to agree, by the order of the Special Term," and as modified affirmed, without costs of this appeal to either party. Memorandum: The third paragraph is stricken out because it does not seek to discover facts but merely names of possible witnesses and this we deny in our discretion. (*Gavin* v. *New York Contracting Co.*, 122 App. Div. 643; *Nocito* v. *Acierno*, Id. 45.) All concur. (The order grants a motion to examine party before trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

GEORGE E. MEYER, Respondent, v. EDWARD J. DOYLE and DOYLE GASOLINE & OIL COMPANY, INC., Appellants.— Order modified by striking therefrom the second ordering paragraph thereof and as modified affirmed, without costs of this appeal to either party. Memorandum: The record shows that plaintiff has been furnished with a photostatic copy of the release, which is pleaded as a defense in defendants' answer and as to which defendants have the burden of proof. Under these circumstances we conclude that an examination before trial in relation to the release pleaded in defendants' answer would not involve testimony which is material and necessary to the prosecution of plaintiff's action within section 288 of the Civil Practice Act. All concur. (The order grants plaintiff's motion to examine defendants before trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.