MARIE McMAHON, as Administratrix of the Estate of JOHN McMAHON, Deceased, Plaintiff, *v.* HAYES-73RD CORPORATION et al., Defendants.

Supreme Court, Special Term, Queens County, January 16, 1950.

*Samuel G. Rabinor* for plaintiff.

*Barry, Treanor & Shandell* for defendants.

CUFF, J. Motion by plaintiff to examine defendants before trial.

Plaintiff's intestate was injured by a falling ceiling while a patient in a hospital where he was being treated and from which injuries he died. At the time he shared the room with another patient, whose identity plaintiff does not have, and swears she cannot obtain, except by questioning defendants. She needs that other patient as a witness to prove her case, she contends, and her examination is confined to one question: What is the name and address of that patient?

No case in point is cited by either side. While section 288 of the Civil Practice Act may not be used to gather names of witnesses as a general rule, I think the language of the section is sufficiently broad to require a party to divulge such information. The supporting affidavit indicates that this particular person is the only person who can testify that the ceiling fell on the deceased. Proof of that fact is "material and nec-

essary in the [plaintiff's] prosecution  *  *  *  of the action *· * *." (Civ. Prac. Act, § 288.) Without such proof this suit will fail. I think the facts support the application.

Motion granted. Order on notice.