Michael Catalano, J.
The plaintiff seeks to examine Eleanor B. McFarlane, widow of one John E. McFarlane, whose coexecutor, David J. Kulick, is a party defendant, pursuant to section 288 of the Civil Practice Act, as a witness in the action.
This is a negligence action brought by the plaintiff against the defendants to recover damages sustained by her in a fall at 37 Linview Terrace, in the City of Buffalo, New York.
The moving papers show that John E. McFarlane, now deceased, had performed certain work in the vicinity of the accident, consisting of breaking up the old sidewalk and putting in a new sidewall?:; that David J. Kulick, as executor of the deceased, testified in an examination before trial “ that he had no personal knowledge of any of the work which the late John E. McFarlane performed at 37 Linview Terrace ’ ’ and that Eleanor B. McFarlane “ wife of the late John E. McFarlane, who was also active in his business * * * might have personal knowledge of the facts which plaintiff was trying to obtain;” that Eleanor B. McFarlane ‘ is the only person with knowledge * * * of any person wdio might have personal knowledge * * * as to the work performed by said late John E. McFarlane, where said work was performed and as to the measures used by said late John E. McFarlane to safeguard lawful users of the public thoroughfare.”
These statements are not adequately denied by either David J. Kulick or Eleanor B. McFarlane.
Section 288 of the Civil Practice Act provides for the examination of a witness before trial where the person’s evidence is material and necessary, and “ special circumstances render it proper that his deposition should be taken.” These words should be construed liberally, so that where the ends of justice and the orderly procedure upon the trial make it advisable, such an examination should be held. (Mayer v. New York Canners, 217 App. Div. 202, 203 [4th Dept.].) This court retains a continuous power to direct a further examination of a party or a witness, even though a previous examination has been completed or *121 discontinued. (Rose v. Rose, 282 App. Div. 1028.) Such examination may properly include the identity of individuals with whom the deceased, John E. MeFarlane, dealt, or employed, in the work involved (Morris v. E. A. Laboratories, 263 App. Div. 540, 541), particularly where the witness is closely related to the facts involved, or is hostile, unwilling or reluctant (Peyton v. Coulson, 190 Misc. 754, 756), or is the only person who can testify to such facts (McMahon v. Hayes-73rd Corp., 197 Misc. 318), or is a party’s wife (Bloch v. Ballin, 54 N. Y. S. 2d 205, 206); or a party’s husband (Price v. Taylor, 140 N. Y. S. 2d 302, 303).
Thus, it is proper that the plaintiff examine Eleanor R. MeFarlane concerning all relevant facts in connection with the work done by the deceased John E. MeFarlane in the vicinity of 37 Linview Terrace, Buffalo, New York, and areas adjacent thereto, and the identity of any persons having knowledge thereof, and the measures used by the said John E. MeFarlane to safeguard lawful users of the public thoroughfare at or near said place; provided, that such examination will not delay the trial of the case.
Motion granted as stated herein. Prepare and submit order accordingly.