Jacob Markowitz, J.
Motion for discovery and inspection is disposed of as follows:
Item 1 is denied. Plaintiff is not entitled to a discovery of accident reports made in preparation for trial hy the defendant or its employees. (Falco v. New York, New Haven & Hartford R. R. Co., 161 App. Div. 735; Tavern Fruit Juice Co. v. Long Is. R. R. Co., 279 App. Div. 985; Naiman v. Niagara Fire Ins. Co., 283 App. Div. 1016.)
Items 2, 3 and 4 are granted. Names and addresses of defendant’s employees as witnesses and statements obtained by the defendant from such witnesses regarding facts surrounding the accident are under all of the circumstances of this motion proper subjects for discovery.
In the light of the undenied affidavit of the plaintiff himself which claims inaccessibility and unavailability of such employees’ names and addresses and opportunity to interrogate them, the liberal trend in pretrial procedure warrants disclosure of *500 such information (Urbina v. McLain, 4 A D 2d 589). Items 5, 6, 7 and 8 are granted on consent. Items 9 and 10, since they relate to questions of notice and may be considered together with all the circumstances as some evidence of negligence, are also proper subjects of discovery and are accordingly granted. Item 11 is granted insofar as it relates to the place where the plaintiff was working.
Settle order.