William B. Croat, J.
This is a motion by the plaintiff, individually and as executrix of Harriet Bo sen, deceased, for an order (1) directing the attorney for the defendants Penguin Cab Corp. and Tilegard to furnish to plaintiff’s attorney the names and addresses of two witnesses described in the moving papers, (2) directing said defendants or their attorneys to furnish to the plaintiff’s attorney photostatie copies of the statements of said witnesses, or (3) if defendants or their attorneys do not have such statements or the names and addresses of said witnesses, then to furnish to plaintiff’s attorney and to file an *477 affidavit to that effect, made hy a person having knowledge of the facts and the reasons and circumstances thereof, (4) directing Joseph C. Thomson, Esq., and Thomson & McGrinty, Esqs., to appear for examination before trial and for a discovery and inspection of all their records as to the afore-mentioned, said Thomson & McGrinty, Esqs., being the attorneys for said Tilegard as plaintiff in another action, presumably arising out of the same accident and (5) that the foregoing be furnished at least 20 days prior to February 1,1963, as this action is on the Trial Calendar for that date, marked peremptorily against the plaintiff.
The relief herein is sought because the plaintiff’s testatrix, the injured party, is dead and the defendant Tilegard, the driver of the taxicab owned by the defendant Penguin Cab Corp. and involved in this accident, is also dead, as is the defendant Fontana, a third defendant against whom this action was settled and to whom a conditional release was given.
This motion is opposed by the attorneys for the defendants Penguin Cab Corp. and Tilegard, on the ground that plaintiff, having failed to perpetuate the testimony of Harriet Rosen, now seeks to obtain names and addresses of witnesses, and on the further ground that the information sought by the plaintiff is confidential and thereby privileged. The said Joseph C. Thomson, Esq., joins in the opposition on the grounds that the information sought is of a; confidential nature, given to him by his client who died without releasing his said attorney from this confidence and its attendant privilege.
The court finds no merit in the contention that the plaintiff could have perpetuated the testimony of Harriet Rosen, as no circumstances have been shown indicating that Harriet Rosen’s testimony could have been perpetuated and, accordingly, rejects this contention.
In 1950, Mr. Justice Cuff, late of this court, in McMahon v. Hayes-73rd Corp. (197 Misc. 318, 319), in granting a motion for an examination before trial to ascertain the names of witnesses in a wrongful death action, stated: ‘ ‘ While section 288 of the Civil Practice Act may not be used to gather names of witnesses as a general rule, I think the language of the section is sufficiently broad to require a party to divulge such information. The supporting affidavit indicates that this particular person is the only person who can testify that the ceiling fell on the deceased. Proof of that fact is ‘ material and necessary in the [plaintiff’s] prosecution * * * of the action * * V (Civ. Prae. Act, § 288.) Without such proof this suit will fail.” Since that time, the courts have become even more liberal in instances of this nature.
*478 In 1958, Mr. Justice Catalano, in Latz v. Castricone (13 Misc 2d 119, 121), in granting plaintiff’s motion to examine one of the defendants, a coexecutrix, before trial as to the identity of witnesses, held: ‘1 Such examination may properly include the identity of individuals with whom the deceased * * * dealt, or employed, in the work involved (Morris v. E. A. Laboratories, Inc., 263 App. Div. 540, 541) * * * or is the only person who can testify to such facts (McMahon v. Hayes-73rd Corp., 197 Misc. 318) ”.
On March 22,1962, Mr. Justice Eager, speaking for the Appellate Division, First Department, in Mudge v. Hughes Constr. Co. (16 A D 2d 106, 107), in modifying and affirming as modified an order of Special Term, Supreme Court, Bronx County, which granted plaintiff’s motion for discovery and inspection of photographs, sums up the present-day attitude on this question as follows: “To further the pretrial disposal of litigation, to expedite and to promote fairness in the trial of actions and, generally, in the interests of justice, the present day policy leans toward complete pretrial disclosures by all parties of all available material evidence. In fact, it was long ago recognized 1 that before trial each party should have unrestricted access to the sources of evidence ’ (Report of Commission on Administration of Justice in New York State, 1934, pp. 41-42). The provisions of the .statute (Civ. Prac. Act, § 324) for pretrial discovery and inspection are to he liberally applied to advance 1 the desired objective of an open and fair trial ’ (Beyer v. Keller, 11 A D 2d 426, 428). ‘ The purpose of the legislation was to promote the presentation of the facts in aid of justice, so that parties would not need to go blindly into a trial with no knowledge of what evidence might develop. Such methods of procedure facilitate a trial and aid in seeking the truth upon which justice should be based’. (Reiss v. Kirkman & Son, 242 App. Div. 77, 79; also Petruk v. South Ferry Realty Co., 2 A D 2d 533.) In fact, it is expressly provided by rule that ‘ the court shall make such an order with respect to the discovery and inspection as justice requires ’. (Rules Civ. Prac., rule 141.) ”
On April 4,1962, the Governor of this State approved chapter 308 of the Laws of New York, the “ Civil Practice Law and Rules ’ ’, an act in relation to civil practice and prescribing the civil procedure governing generally the civil procedure in the courts of the State of New York and before the Judges thereof.
Section 3101 of the Civil Practice Law and Rules deals with scope of disclosure. It provides: “ (a) Generally. There shall he full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the *479 burden of proof, by: * * * (4) any person where the court on motion determines that there are adequate special circumstances. * * * (d) Material prepared for litigation. The following shall not be obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship: * * * 2. any writing or anything created by or for a party or his agent in preparation for litigation.”
While the Civil Practice Law and Rules does not become effective until September 1, 1963, it seems to this court that the purpose behind its enactment should be adopted.
With regard to the contention of the defendants that to compel the revelation of the names and addresses of the defendants’ witnesses and their statements relating to the accident would be to compel the violation of the confidence reposed by a client in his attorney and the privilege of safeguarding the same, this court is aware of the delicate balance between unwarranted incursions into the privacy of a man’s work and records and the demands of public policy for full revelation to foster the ends of justice. The remedy of discovery has long been one of the important tools of the legal profession. Without it, the courts would be hampered in their effort to determine ultimate facts upon which to apply the law. The protective cloak of privilege against revealing confidential communications does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation. (Hickman v. Taylor, 329 U. S. 495.)
Accordingly, the motion is granted to the following extent: That the attorney for defendants Penguin Cab Corp. and Tilegard, if they are in possession of same, furnish to the attorney for the plaintiff within three days after the service of a copy of the order to be entered hereon, photostatic copies of any signed statements concerning the accident made by either or both of the witnesses referred to in the moving papers, together with their names and addresses, or if they do not have such statements and/or names and addresses, to advise the plaintiff’s attorney thereof in writing. In all other respects, the motion is denied.