Harry G. Herman, S.
In a proceeding by an alleged common-law wife to vacate a decree awarding letters of administration, c. t. a., the respondents move for an order under subdivision 1 of section 3126 of the Civil Practice Law and Rules, that the issues as to which the information sought is relevant shall be deemed resolved for the purposes of the proceeding in accordance with the claims of the party seeking the order, or in the alternative, that the examination of petitioner as an adverse party before trial be continued, and that she be required to answer in proper form any questions as to which she refused or reserved an answer without due cause during the course of her examination.
The respondents have challenged the .status of petitioner as the wife of decedent claiming that the relationship was meretricious in its inception; that such relationship continued until the death of the decedent, and that subsequent to the date of the alleged marriage the petitioner publicly acknowledged herself as the unremarried widow of another.
Among the answers given by petitioner upon her examination which are claimed to be unsatisfactory is the answer “ I do not remember now ”. Respondents’ efforts to refresh petitioner’s recollection were objected to by petitioner’s counsel. The petitioner will be required to state whether or not she has any means of refreshing her recollection, and will be required to furnish or use, as the case may be, any means which will refresh her recollection. If and when this line of inquiry has been exhausted without refreshing petitioner’s recollection, the answer “ I do not remember now ’ ’ must be accepted as a responsive answer, and as an indication that the party has no recollection or no present recollection as to such item, whether or not it be regarded by respondents as a satisfactory answer.
Subject only to the rule against incrimination, the petitioner is directed to answer all questions to which her counsel does not object, and all questions relating to her relationship to the decedent at the time when she was the nurse to the decedent’s then wife; the decedent’s health immediately prior to the alleged marriage to petitioner; the registration at any hotel shortly after the alleged marriage; as to what, if anything, was written by the petitioner on the hotel registration card or upon any checks written by her in payment of the bill, in addition to which the petitioner will be required to furnish a speci *793 men of her signature. Petitioner will not be required to answer any questions objected to by her counsel relating to conversations with her counsel, except that she shall be required to state whether or not counsel has privately instructed her not to answer any questions as to which he offers no objections on the examination.
The question as to whether or not petitioner shall be required to furnish the names of any witnesses present at any alleged conferences relating to the claimed marriage or to her status as the wife of decedent, or their addresses, is not without difficulty. Until recently the courts have generally refused to require a disclosure as to an inquiry which was not designed to discover the facts but rather to disclose the names of witnesses (Kosiur v. Standard-North Buffalo Foundaries, 255 App. Div. 930 [4th Dept., 1938]; Gavin v. New York Contr. Co., 122 App. Div. 643 [1st Dept., 1907]; Martyn v. Braun, 270 App. Div. 768 [2d Dept., 1946]). More recently the trend has been toward a more complete disclosure and the courts have permitted an inquiry as to the names and addresses of witnesses at least where the party seeking information had no other means of substantiating his claim (McMahon v. Hayes-73rd Corp., 197 Misc. 318 [Sup. Ct., Queens County, 1950]; Pistana v. Pangburn, 2 A D 2d 643 [3d Dept., 1956]).
Although the prevailing trend appears to be one of full and complete disclosure, it is noted that the revisers of the Civil Practice Law and Rules advocated a "full disclosure before trial of all relevant evidence and all information reasonably calculated to lead to relevant evidence ”. (Emphasis added.) However, this proposal was not adopted and section 3101 essentially states the practice under the former Civil Practice Act and Rules of Civil Practice, and requires:
“ Scope of disclosure.
“ (a) Generally. There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof”.
Respondents’ motion for an order deeming the issues resolved in accordance with the claims of respondents is denied. The motion for a continuance of the examination of petitioner as an adverse party before trial is granted as to the items and to the extent hereinabove indicated, including the furnishing of the names and address of witnesses, and in all other respects is denied.