Reid S. Moule, J.
Victoria Majchrzak sues for damages she claims to have sustained in an accident which occurred on August 31, 1965 at the intersection of Tonawanda Street and *1028 Hertel Avenue in the City of Buffalo when she was struck by a car owned and operated by the defendant. Her son, Joseph Mayhart, sues for medical expenses.
The plaintiffs examined the defendant before trial on January 8, 1966, at which time the defendant stated that he had obtained the names of witnesses to the accident but refused to disclose them to the plaintiffs. The plaintiffs now seek an order directing the defendant to supply this information.
In support of their application, the plaintiffs state that because of Victoria Majchrzak’s injuries, she was unable to obtain the names of any witnesses to the accident. While this is a conclusion, it is not controverted by the defendant. The plaintiffs also show that an extensive investigation on their part failed to disclose any witnesses to the accident.
The plaintiffs cite the cases of Rios v. Donovan (21 A D 2d 409) and Votey v. New York City Tr. Auth., (46 Misc 2d 554) as authority for their position. However, the Bios case did not hold that names of witnesses were a proper item of discovery. It was merely concerned with the procedure to be followed in attempting to obtain such disclosure. The Votey case merely followed the rule in Pistana v. Pangburn (2 A D 2d 643) that the identity of an active participant in the event is a proper item of discovery.
The defendant cites the cases of Zavaglia v. Engert (23 A D 2d 790), Kandel v. Tocher (22 A D 2d 513), and Giamberdino v. Mileo (10 A D 2d 814). The first two cases are not in point since they involve discovery of statements and not names of witnesses. The Giamberdino case holds that the names of witnesses need not be disclosed if there is no necessity for the information.
In the case before me it may be impossible for the plaintiffs to prove their case without the testimony of witnesses whose identity is sought. If this is so, can it be said that these names are not material and necessary? I believe that the names of witnesses should be disclosed if their testimony may be necessary to establish what occurred, and the party seeking the disclosure was or is unable, with due diligence, to obtain such information, regardless of whether such party is a plaintiff or a defendant. Certainly the trial of a lawsuit should be more a search for the truth than a game or contest of skill. The plaintiffs’ application is granted.