Daniel E. Macken, J.
Infant plaintiff, then aged 15, was injured when his bicycle was in collision with defendant’s automobile at a street intersection. At her examination before trial, *648 defendant refused to disclose the identity of the passengers in her car. In response to the question “Do you know whether there were any witnesses to this accident other than the three people in your car ” she testified that there were two such whose names and addresses were known to her but which she refused to disclose. By this motion plaintiffs ask that defendant be required “ to disclose and furnish to the plaintiff or his representatives, the names and addresses of witnesses to the accident known to the defendant or her representatives ”.
It has been noted that, where identity of witnesses is sought in the course of an examination before trial, there has been a trend toward relaxing the earlier rather rigid rule that a party would not be required to disclose the names' of witnesses as distinct from an inquiry into the facts. (Rios v. Donovan, 21 A D 2d 409, 414.) Such disclosure has been directed upon a showing that, without the information, a party would not or might not be able to establish its claim. (McMahon v. Mayes-73rd Corp., 197 Misc. 318; Majchrzak v. Magerty, 49 Misc 2d 1027; Matter of Pennino, 41 Misc 2d 791.) In some cases, disclosure of the identity of persons found to be participants in the event has been required, such as a man who brought out of the water the child of a plaintiff who had been injured at a beach (Pistana v. Pangburn, 2 A D 2d 643) and a passenger who had assisted a plaintiff injured on a train (Votey v. New York City Tr. Auth., 46 Misc 2d 554). In Bios v. Donovan (supra, pp. 414-415) in which plaintiff was injured while working on a farm, the court suggested that “ the proper procedure would be to make inquiry as to the persons present at the time of the accident during the course of taking the oral depositions of the party or witness * * as to the event itself It is interesting to note that the headnote of the official report of Bios states: “ proper procedure is that, during examination of party or witness to accident * * * plaintiff should inquire as to names and addresses of witnesses ”.
For present purposes I am unable to see a valid distinction between a farm and a street intersection or between a person, who assists a fallen plaintiff to his feet and another who stands by watching. It seems to me that as part of the facts and circumstances of the accident, if known to her, defendant should be required to disclose the names and addresses of all persons observed by her to be present at the scene, whether passengers in her car or otherwise.
Plaintiffs seek much wider relief, however, and ask for the identity of all witnesses known to the defendant or her repre *649 sentatives. If defendant or her representatives have such knowledge obtained by investigation after the happening of the accident as distinguished from personal observation at the scene, disclosure would seem protected by CPLR 3101 (subd. [d]). In Majchrzak v. Ragerty (supra), the court found that an extentive investigation on the part of plaintiffs had failed to disclose any witnesses and that it might be impossible for plaintiffs to prove their ease without the testimony of the witnesses sought. Such findings would seem essential to a conclusion that the material can no longer be duplicated and that withholding it will result in injustice or hardship. Plaintiffs’ papers make no showing to support such findings, and except as hereinbefore indicated, the motion is denied.
An order may be entered directing defendant to disclose, if known to her, the names and addresses of all persons observed by her at the scene of the accident including passengers in her automobile, and that, unless the information be otherwise furnished, the examination of the defendant for that purpose proceed at a time and place to be agreed upon by the parties or set by me upon settlement of the order.