MICHAEL SANFILIPO, Plaintiff, *v.* BAPTIST TEMPLE, INC., et al., Defendants.

Supreme Court, Monroe County, February 1, 1967.

*Lines, McLouth, Wilkens & Osborn (James A. Reed* of counsel), for defendants. *Chikovsky & Gastel (Leonard A. Snyder* of counsel), for plaintiff.

G. ROBERT WITMER, J. The plaintiff has sued for injuries he allegedly suffered while walking near defendants' premises when snow and ice fell therefrom and struck him. It is stipulated that on an examination before trial of the plaintiff by defendants, the plaintiff testified that there were three witnesses to the accident, they being workmen of a crew of which he was foreman; and that defendants requested the names and addresses of said witnesses, but plaintiff refused to divulge them.

Defendants assert that they have no knowledge of the alleged accident, have been unable to learn of any witnesses thereto, and that they are thus unable to prepare for trial or a pretrial of the case. They have, therefore, made this motion to compel the plaintiff to supply to them the names and addresses of said three witnesses.

Although the courts have long upheld the right of a party to refuse to reveal to his opponent the names of his witnesses (*Urbina* v. *McLain,* 4 A D 2d 589; *White* v. *Sibley, Lindsay & Curr Co.,* 283 App. Div. 1007), the rule has been relaxed in

the interests of justice (*McMahon* v. *Hayes–73rd Corp.*, 197 Misc. 318). The rule now seems limited to protecting a party from being required to divulge the names of witnesses not present at the scene or his attorney's work product, and even such evidence is not invulnerable where the interests of justice require that the information be afforded to an opposing party. (CPLR 3101; and, see, *Zenna* v. *St. Vincent's Hosp.*, 13 A D 2d 824, 825; *Rivera* v. *Stewart*, 51 Misc 2d 647; *Majchrzak* v. *Hagerty*, 49 Misc 2d 1027.)

In the instant case no question of work product is involved. The witnesses whose names and addresses are sought were, by plaintiff's own statement, workmen in his charge, present at the scene, who saw the accident. I agree with the statement of Mr. Justice DANIEL E. MACKEN in *Rivera* v. *Stewart* (*supra*, p. 648), that "as part of the facts and circumstances of the accident, if known to her, defendant should be required to disclose the names and addresses of all persons observed by her to be present at the scene". Many recent cases support this view. (*Rios* v. *Donovan*, 21 A D 2d 409, 414; *Pistana* v. *Pangburn*, 2 A D 2d 643; *Matter of Pennino*, 41 Misc 2d 791; *Kaye* v. *Penguin Cab Corp.*, 40 Misc 2d 476; *Poppo* v. *Long Is. R. R. Co.*, 14 Misc 2d 499; and, see, *Reese* v. *Long Is. R. R.*, 46 Misc 2d 5.) The motion is, therefore, granted.