Charles Lambiase, J.
Defendant 'has moved “ for an order pursuant CPLR, Article 31, requiring the plaintiff to disclose the names and addresses of all persons observed by the plaintiffs at the scene of the accident or if such information not be provided, that an examination before trial of the plaintiffs be ordered for the purpose of providing to defendant names and addresses of all such persons at a time and place to be ordered by this Court, and for other and further just relief.”
The affidavit accompanying the notice of motion made by one of the attorneys for defendant deposes that: “ The accident which is the subject of this matter occurred on July 14, 1965. An examination before trial was held in the matter on August 8, 1966, and during the course of that examination, Mrs. Coleman was asked the following question:
“ Q. Mrs. Coleman, will you please give us the names of the witnesses whom you have identified, who did witness this accident?
“Mr. Roth: At this point, for the record, counsel wishes to ask that the witness decline to give the. names of the witnesses.
‘ ‘ Mr. Hoffberg : For the record, I will reserve my rights to apply at Special Term for this information should that become necessary.
‘ ‘ Mr. Roth : * * * On December 14, 1966 a pre-trial conference was held before Judge Brasser and at that time the attorney for the plaintiffs made reference again to a witness to this accident. On December 15 I wrote to the attorney again requesting the name and address of the witness in question, citing to him the case Rivera vs. Stewart, 51 Misc 2d 647 (Monroe County 1966). The attorney has refused to give me the name and address of that witness.
‘ ‘ During the course of investigating this matter, several adjustors from the insurance company in question were assigned to the case. I have checked with their Supervisor and I am *948 told that an effort was made to locate witnesses, including checking with the investigating Police Officer, the Defendant, and with people in the neighborhood. No names of witnesses could be determined.
“ It is respectfully submitted that it is in the interest of justice that the name and address of any witnesses observed by the plaintiffs at the scene of the accident be disclosed to the defendant.”
In Rios v. Donovan (21 A D 2d 409, 414-415 [June 16, 1964]) it is stated: “it should be pointed out that until recently, under the Civil Practice Act, it was held that a party would not be required to disclose the names of witnesses as distinct from an inquiry into the facts. (Kosiur v. Standard-North Buffalo Foundries, 255 App. Div. 930; Gavin v. New York, Contr. Co., 122 App. Div. 643; Martyn v. Braun, 270 App. Div. 768.) However, there was a trend toward relaxing that rule where identity of witnesses of the event itself was sought in the course of an examination before trial. (Pistana v. Pangburn, 2 A D 2d 643; see, also, McMahon v. Hayes-73rd Corp., 197 Misc. 318.) (As to the effect of the Civil Practice Law and Rules on this question, see 3 Weinstein-Korn-Millor, N. Y. Civ. Prac., par. 3101.11. For treatment under the Federal rules, see B. & S. Drilling Co. v. Halliburton Oil Well Cementing Co., 24 F. R. D. 1 [S. D. Texas, 1959]; Klop v. United Fruit Co., 18 F. R. D. 310 [S. D. N. Y., 1955].) In any event, the proper procedure would be to make inquiry as to the persons present at the time of the accident during the course of taking the oral depositions of the party or a witness pursuant to 3107 Civil Practice Law and Rules, as to the event itself rather than the method adopted by plaintiff herein in seeking a discovery of such information.” It would seem that in the Bios case the court was delineating, among other things, the procedure to be followed in such cases.
More recently, and in O’Dea v. City of Albany (27 A D 2d 11, 12-13 [Dec. 22, 1966]) the court says: “ When the witness, whose name is sought, is an active participant in the incident upon which the litigation is based, the witness is so closely related to the accident that his testimony becomes essential in establishing the happening of the accident. Under these circumstances, the identity of such a witness should fall within the scope of permissible discovery on an examination before trial.”
However, in Pistana v. Pangburn (2 A D 2d 643 [May, 1956]) the court says: “ The identity of the person thus present and an active participant in the events upon which plaintiff relies, *949 if it is known to the defendant, is in the circumstances of this case a proper subject of inquiry. We think it fits within the area of examination before trial of the event itself and it is unnecessary to consider for the purposes of this case the extent ivhich it may be proper to inquire into the knoivledge of an adverse party of the presence and identity of ivitnesses to an event in controversy(Emphasis supplied.) The immediately foregoing case seems to draw some distinction between a “participant” in and a “witness” to an event, incident, or accident. We think there is one, too, based on the ordinary meaning of the words. We are not unaware of Rivera v. Stewart (51 Misc 2d 647) now on appeal to the Appellate Division, Fourth Department, decided by our colleague, Justice Daniel E. Macken, on September 22, 1966.
We have concluded that it has not been demonstrated that the facts of the case before us come within the purview of any of the exceptions established in the appellate courts in the cases which have come to our notice, and we, therefore, deny the motion.