William J. Sullivan, J.
Plaintiffs move for an order to compel defendant to disclose the following information as demanded in notice dated July 12, 1967 served purportedly pursuant to CPLR 3120:
1. The name (s) and address (es) of each person (s) claimed by the defendant, Leo Gollin, to have witnessed the accident to plaintiffs on October 16th, 1966, which is the subject matter of the within lawsuit, or to have knowledge of the circumstances surrounding the happening of said accident.
2. The identity of the person (s) from whom statements were obtained by the defendant, Leo Gollin, regarding the circum *513 stances of the accident to the plaintiffs which occurred on October 16th, 1966.
It appears from the reply affidavit hereon that pretrial examinations of the plaintiffs and defendant have disclosed that the plaintiffs were taken from the scene of the accident to a hospital in an unconscious condition and that three persons gave defendant their names and addresses as witnesses at the scene of the accident; that defendant has refused to disclose said names and addresses; and that plaintiffs’ investigation has failed to discover the names of any witnesses. Upon these facts, in accordance with the present tendency to compel disclosure of the identity of witnesses present at the scene of an accident where such information has been refused in the course of an examination before trial, the motion will be granted as to the first item, and defendant will be directed to furnish to the plaintiffs the names and addresses of the three witnesses mentioned by defendant on his examination before trial (Rios v. Donovan, 21 A D 2d 409, 414; Matter of Pennine, 41 Misc 2d 791; Rivera v. Stewart, 51 Misc 2d 647; Sanfilipo v. Baptist Temple, 52 Misc 2d 767; Majchrzak v. Hagerty, 49 Misc 2d 1027; see, also, Siegel on Disclosure Under The CPLR, Eleventh Annual Report of N. Y. Judicial Conference, 1966, p. 187 et seq.).
As to the second item, there is no proof or indication in the moving papers that any statements have in fact been obtained by the defendant from any persons. Plaintiffs have not demonstrated on what basis the mere names and addresses of such persons would be “ material and necessary ” in the prosecution of this action — an essential requirement for compelling disclosure under CPLR 3101 (subd. [a]). Presumably, also, the names of such persons would pertain to privileged matter, i.e., the work product of an attorney or material prepared for litigation, not subject to disclosure under CPLR 3101 (subds. [c, d]). Furthermore, the proper procedure to obtain any such information is not by notice to produce under CPLR 3120 but rather by specific motion for disclosure after it has -been ascertained on examination before trial that written statements have in fact been obtained — a factor not present here (Rios v. Donovan, supra). Accordingly, plaintiffs’ motion is denied as to the second item requested.
Plaintiffs’ contention that since defendant’s attorney did not apply for a protective order under CPLR 3122 within five days after -service of the 3120 notice, he may not now object thereto, is rejected. In addition to the fact that upon the record herein the notice served in this case does not, in the opinion of this court, satisfy the requirement of CPLR 3120 that the “ docu *514 ments or any things ” sought to be disclosed shall be “ specified with reasonable particularity in the notice ’ ’ (Mustapich v. Himtington Union Free School, 46 Misc 2d 439), a notice under CPLR 3120 may not embrace any items excluded under CPLR 3101; and since the court deems information sought in item 2 of plaintiffs’ notice to be at least presumptively privileged (as already noted) said notice is ineffective to compel disclosure, thereof even though objection has not been made within the five-day period (Coffey v. Orbachs, Inc., 22 A D 2d 317, 320; Weisgold v. Kiamesha Concord, 51 Misc 2d 456; Hable v. Anderson, 47 Misc. 318; see, also, Supplementary Practice Commentary by David D. Siegel under CPLR 3122, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 1966 Pocket Part).