John H. Pennock, J.
This is a motion for an order:
1. Directing a further examination of defendant before trial with instructions to answer the questions relative to the identity of the witness, or that defense counsel be ordered to supply that information to plaintiff’s attorney within a reasonable time.
2. Directing defense counsel to provide plaintiff’s attorney with a true copy of the narrative statement made by an employee of their client, the liability insurance company of defendants, during an interview with plaintiff.
3. Providing plaintiff with such other and further relief as to this court may seem just and proper.
The learned defendants’ counsel urges the court to adopt a restrictive interpretation of the CPLR 3101 (subd. [d]) in respect to the demand for a copy of the plaintiff’s unsigned statement. Basically that the statement may be privileged from discovery and inspection. (Kandel v. Tocher, 22 A D 2d 513 [1st Dept., 1965]) as cited follows this contention. Under KandeVs rationale, reports prepared solely “ for litigation purposes ” are exempt, and there is no question, as urged by defendants’ counsel, that the underlying consideration, in denying disclosure by the plaintiff of accident report and statement, photographs, diagrams, etc., was that liability insurance is essentially litigation insurance. But these were all produced by the defendant for the defendant, whereas in the instant motion the statement is that of the plaintiff taken by the representative of the defendant. A plaintiff’s statement falls squarely within the rule of Wilhelm v. Abel (1 A D 2d 55). Further, the statute sets forth specifically that a party, here the plaintiff, may obtain a copy of his own statement. (CPLR 3101, subd. [e].)
*780 A statement may be oral, stenographic or written and whether it is signed or not is of no significance on a motion for discovery. (Sacks v. Greyhound Corp., 18 A D 2d 747.) Thus this court determines that a copy of the statement of the plaintiff taken by the representative of the defendant liability carrier be subject to discovery. (CPLR 3101, subd. [e].)
Now, in respect to that part of the motion which demands in essence the name of a witness to the occurrence. The examination before trial disclosed that defendant, at the scene of the accident, obtained the name and address of a driver of a car which was proceeding behind his car. The learned counsel for the plaintiff cites Pistana v. Pangburn (2 A D 2d 643) as his authority. There disclosure was allowed of a witness who physically participated in the event as an active participant. This case predated the new rules, but the Third Department has reaffirmed its position in the O’Dea case. (O’Dea v. City of Albany, 27 A D 2d 11.)
Here we do not have a pure participant, we have a witness who happened to be a driver in the immediate vicinity of the occurrence. Thus Pistana is not a true test, rather Majchrsah, as cited by plaintiff’s counsel seems to be a case well in point. (Majchrzak v. Hagerty, 49 Misc 2d 1027.) In the case at bar, the plaintiff, like Majchrsah, involved a suit for damages sustained by the plaintiff in an automobile accident. Plaintiff has examined defendant before trial, at which time defendant stated that he knew the name of a witness, but that he refused to disclose such name. The plaintiff in his affidavit claims injury sufficient to require removal from the scene by ambulance, and after confinement to the hospital returned to his home where a statement was taken from him as to the events. All of these facts indicate that the plaintiff was not represented and was not physically or mentally able to obtain the name of the witness. Further, the name of the witness was not placed on the Motor Vehicle Accident report of defendant and thus the witness remains a stranger in the dark to the plaintiff and shall always remain so, unless produced at the time of trial or perhaps as a practical matter, if favorable to defendant upon pretrial conference to effect an equitable settlement. Here we are confronted with the historic forensic litigation and at a crossroads of the disposal of claims by either a full disclosure and a candid look at the ultimate facts or a controlled revealing of facts based upon a managed litigation. The latter road leads to court congestion and resultant injustice to all parties, the injured and those who are compelled to pay, in some instances, for the injury. There is no room in our system of justice for roadblocks *781 that prevent a speedy adjustment or adjudication of a citizen’s claim for personal injury. The courts have consistently ignored the intent of the Legislature as set forth in the words of the disclosure statute. (CPLR, 3101.) It reads: “ (a) Generally. There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof ’ ’. The courts have consistently limited disclosure and in fact have held that restrictive view applicable to a trial as well as pretrial proceedings. (Matter of the City of New York, 50 Misc 2d 478.)
Is not the name of a witness one of these things that should be subject to disclosure. It cannot seriously be claimed to be privileged matter, nor the work product of an attorney and the insured cannot be considered as a substitute for an attorney. Certainly, the participant in an accident is not clothed with either of these protective cloaks, particularly when by some stroke of providence he finds himself on his feet at the scene and capable of obtaining the name of a witness. Must the injured party, when able, advertise in the press for the witness to come forward. Obviously not, and the name of the witness, under the circumstances set forth, should be disclosed, particularly as it is hereby determined that there are adequate special circumstances present to warrant such disclosure.
Motion granted in all respects with costs and plaintiff to submit order.