Sol M. Wachtler, J.
On this motion defendant seeks a protective order to vacate those portions of a notice for discovery and inspection which call for the names and addresses of all of defendant’s employees who were on duty on November 2, 1967 at 8:00 a.m. and specifically the name and address of the porter on duty at such time.
This action is one to recover for personal injuries allegedly sustained by plaintiff as the result of a fall in a restaurant operated by defendant. Plaintiff in an affidavit submitted upon this motion states that she fell in the defendant’s store at 22 *992 East 23rd Street, New York, New York, on November 2, 1967 at about 8:00 a.m., due to an accumulation of water on the floor. She states that many of defendant’s employees witnessed the accident and that as a result of the seriousness of her injury she was unable to obtain the names of such employees. It is further stated that immediately after plaintiff fell the manager directed a porter to wipe the water from the floor. An examination before trial of the manager, one Steven Quinn, has been held. He was asked the names of the porter and other employee witnesses and refused to supply such information.
On this motion defendant asserts that plaintiff is not entitled to the information sought since there is no showing that the employees were in any way involved in the accident or were even witnesses thereto. Reliance is placed upon those cases both before and after enactment of the CPLR which permitted disclosure of the names of only those witnesses who were active participants in the accident (see, e.g., Pistana v. Pangburn, 2 A D 2d 643; O’Dea v. City of Albany, 27 A D 2d 11). Moreover, it is argued that the notice served here does not particularize the items sought to be discovered to the extent required (see Rios v. Donovan, 21 A D 2d 409).
It is the opinion of this court that the information sought by plaintiff is discoverable. In the case of Rios v. Donovan (supra, p. 413) it was pointed out that “ discovery should not be permitted to substitute for independent investigation of facts which are equally available to both parties ” (emphasis added). Surely it cannot be argued that the identity of the witnesses sought here, i.e., employees of defendant, is equally available to both parties. Plaintiff in this case followed the procedure recommended in the Bios case in that inquiry was made as to the persons present at the time of the accident and the question was not answered. It is difficult to imagine how plaintiff could determine whether the employees present at the scene of the accident were in fact witnesses without having an opportunity to question them. This court subscribes to the view that the only legitimate objections to discovery of the names of witnesses would be those found in subdivisions (c) and (d) of CPLR 3101 (see Rivera v. Stewart, 51 Misc 2d 647, 649; Sanfilipo v. Baptist Temple, 52 Misc 2d 767, 768; Maffeo v. Comtois, 55 Misc 2d 779, 780, 781). It is clear that the names of defendant’s employees were not obtained by it as a result of an investigation conducted for the purpose of litigation nor do they constitute an attorney’s work product. Accordingly the motion is denied.