Charles Hargett, J.
This motion calls upon the court to consider the question of disclosure of witnesses ’ identity by the parties to an action in the light of Allen v. Crowell-Collier Pub. Co. (21 NY 2d 403).
In Allen, the Court of Appeals held (p. 406) that the words “ material and necessary ”, as contained in CPLR 3101 (subd. [a]), which provides that “ There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof ’ ’ should ‘ ‘ be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity.”
In the instant case the defendants move, pursuant to CPLR 3101 for an order requiring the plaintiff to disclose the identity and present whereabouts of any witnesses to the accident giving rise to the instant action. The plaintiff requests that the defendants’ motion be denied and, in the alternative, cross-moves for an order directing the plaintiff and defendants to simultaneously furnish the names and addresses of any witnesses obtained by the parties to this action.
Before attempting to judge the effect of Allen on the issue at bar, a brief review of some past cases dealing with that issue might be helpful.
*620 As a general rule, prior to the enactment of the CPLR a litigant could not obtain the identity of witnesses known to the other litigants in an action. (Martyn v. Braun, 270 App. Div. 768; Kosiur v. Standard-North Buffalo Foundries, 255 App. Div. 930; Gavin v. New York Contr. Co., 122 App. Div. 643.) Inquiry on an examination was limited to the facts of the occurrence at issue in the lawsuit. There were some exceptions to this rule, however. For example, in McMahon v. Hayes-73rd Corp. (197 Misc. 318) Mr. Justice Cuff, sitting in Supreme Court, Queens County, permitted the plaintiff to obtain the name of a patient who was sharing a hospital room with the plaintiff’s intestate when the ceiling fell on the latter. The court held that proof of the fact that the ceiling fell was material and necessary and, accordingly, that the plaintiff needed the identity of the witness in order to prove her case.
In Pistana v. Pangburn (2 A D 2d 643) the Appellate Division, Third Department, reversed Special Term, Albany County, and directed disclosure of the name of a man who went into the water at a beach in order to bring out the plaintiff’s child when the plaintiff sustained injury. The court’s theory was that this man was an active participant in the events upon which the plaintiff was relying.
Since the advent of the CPLR, there have been a number of cases which have expanded, to some extent, the limited exceptions to the general rule.
In December, 1963 the Surrogate’s Court, Westchester County, in a proceeding to vacate a decree awarding letters of administration directed the petitioner, who allegedly was the common-law wife of the decedent, to disclose the names of any witnesses present at any alleged conferences relating to the claimed marriage or to her status as the wife of the decedent or their addresses. Apparently, the theory of the court was that the respondents had no other way of substantiating their claim that the relationship between the decedent and the petitioner was meritricious in its inception, that such relationship continued until the death of the decedent and that subsequent to the date of the alleged marriage the petitioner publicly acknowledged herself as the unremarried widow of another. (Matter of Pennino, 41 Misc 2d 791, Herman, S.)
In a more recent case, Chavis v. Detarnowski (N. Y. L. J., June 12, 1968, p. 20, col. 3 [Sup. Ct., Westchester County]) a death action, Judge Dillon ordered disclosure of the names of the individuals who were at a party at the home of the defendant driver on the evening of the accident. At issue was the amount of alcohol consumed by the defendant. Disclosure was *621 permitted on the theory that in a death action, as distinguished from an ordinary negligence case, there is no plaintiff to assist in the investigation and testify at the time of the trial.
There have been a number of recent cases which have adopted and have extended the “active participant” theory first expressed in Pistana (supra). O’Dea v. City of Albany (27 A D 2d 11) falls in this category. In that case the infant plaintiff, while at a playground, was struck on the back of the head by a portion of a maypole upon which the boy behind him was swinging when that boy let it go. The court permitted discovery of the name of the other boy, asserting that he was an active participant in the incident upon which the litigation was based and that he was so closely related to the accident that his testimony was essential in establishing its happening. Other cases which used the “ active participant ” theory were Votey v. New York City Tr. Auth. (46 Misc 2d 554) where the plaintiff was permitted to obtain the identity and address of a passenger on a subway train who assisted her after the accident and whose name had been furnished to the conductor on the train at the time the accident was reported; Spano v. Fralick (48 Misc 2d 375) which directed disclosure to a codefendant of the name and address of a passenger in an automobile operated by another defendant on the ground that under the circumstances of the case the said passenger was a person present at a critical moment who participated in the event itself; and Holihan v. Regina Corp. (54 Misc 264) where the plaintiff was injured while demonstrating a machine to customers in his store and upon an examination before trial the plaintiff refused to divulge the names of those customers to the defendant. The court, citing Rios v. Donovan (21 A D 2d 409), held that the defendant is entitled to the names of the customers who were present at the time the accident occurred and that these witnesses might be deemed participants in the demonstration. This theory was cited in Coleman v. Kirkey (53 Misc 2d 947) where the court refused to permit disclosure of the name of a witness on the ground that he was not ‘‘ an active participant ’ ’.
Another theory which has been used in a number of cases as the basis of granting disclosure of witnesses’ names was that the person seeking disclosure was physically unable to obtain the names of witnesses at the scene of an accident while the other party was able to obtain such names. In this category may be found Majchrzak v. Hagerty (49 Misc 2d 1027) where the defendant admittedly obtained such names at the accident scene but the plaintiff, because of the injuries she sustained, was unable to do the same and an extensive investigation on her part failed *622 to disclose the names of any witnesses; Lauren v. Gollin (54 Misc 2d 512) where the plaintiffs were taken from the scene of an accident in an unconscious state and three persons gave their names and addresses as witnesses at the said scene; Maffeo v. Comtois (55 Misc 2d 779) where the defendant at the scene of the accident obtained the name and address of a driver of a car which was proceeding behind his car but the plaintiff, who was removed from the scene by ambulance to a hospital, was not represented and was not physically or mentally able to obtain the name of the witness; and Dickinson v. Chock full O’ Nuts (57 Misc 2d 991) where the plaintiff allegedly slipped and fell on the floor of defendant’s store and, due to the seriousness of her injuries, she was unable to obtain the names of defendant’s employees who witnessed the accident.
Disclosure has been ordered in some cases which do not fit clearly into one of the foregoing categories. In Rivera v. Stewart (51 Misc 2d 647) the defendant was ordered to disclose, as part of the facts and circumstances of the accident, the names and addresses of all persons observed by her at the scene of the accident. The court relied heavily upon Rios v. Donovan (supra), one of the leading cases in this area. In Rios it was suggested that the names of witnesses might be available but that the proper procedure would be to make inquiry at an examination before trial as to the persons present at the time of the accident. The Rivera rule permitting discovery of all persons at the scene of the accident was followed in Sanfilipo v. Baptist Temple (52 Misc 2d 767) and approved in Dickinson v. Chock Full 0’ Nuts (supra) and Maffeo v. Comtois (supra).
Neal v. Spence (53 Mise 2d 518) was a case in which disclosure was sought of the name of a passenger on a motorcycle. Here the court acknowledged that while the passenger was not an ‘ ‘ active participant ’ ’ he was, nevertheless, a ‘ ‘ participant ’ ’ and stated at page 520 that “ Though it cannot be ascertained if the testimony of such person will be essential or material and necessary in establishing the happening of the accident, the identity of the passenger, under our liberal disclosure practice, should be considered material and necessary.” The decision of the ease seems to be based upon the theory set forth in 39 St. John’s Law Review 212 (1964), Biannual Survey of New York Practice, that “ the allowance of a liberal disclosure of witnesses’ names permits the parties to make a thorough assessment of the case and the possibilities of success on trial. To the extent that disclosure of names of witnesses results in the settlement of cases before trial which otherwise would have gone to trial, disclosure will result in a great saving of precious time *623 and expense. Hence, a major purpose of the CPLB will have been realized.”
It is stated in Weinstein-Korn-Miller, New York Civil Practice (Yol. 3, par. 3101.11), which cites CPLB 104 and 3101, that “ the trend is most definitely toward a more liberal rule.” That treatise expresses the opinion that “ Where the identity of the witness is gained through direct observation at the time of the event, it should be subject to disclosure regardless of whether the witness was a so called participant or a passive observer.” The reasons expressed in the afore-mentioned commentary were relied on for the decision in Sherman v. Manhattan & Bronx Surface Tr. Operating Auth. (N. Y. L. J., Sept. 26, 1968, p. 2, col. 6, Markowitz, J.), which allowed discovery of the identity of witnesses obtained by defendant’s bus driver who were passengers on the bus on which plaintiff was injured.
This liberal rule that the identity of witnesses, whether participants or not, is material and necessary and therefore subject to disclosure under CPLB 3101 (subd. [a]) is clearly in harmony with the afore-mentioned Allen case. Professor David D. Siegel states in the Practice Commentary (McKinney’s Cons. Laws, of N, Y., 1968 pocket part, p. 12) that: “ cases which draw a distinction, for disclosure of name purposes, between the participant and non-participant witness, deserve reconsideration in light of the Court of Appeals’ Allen case * * *. If, as the Court of Appeals said in Allen, the basic test is to be one of ‘ usefulness and reason ’ and an item is to be disclosable if ‘ relevant ’,. there would seem to be little justification for drawing this distinction between witnesses based upon whether they merely observed the scene or actually played a part in it. Who they are is ‘ relevant ’ in either case, and the name of the onlooker incontestably has 1 usefulness ’ to the litigant.”
This court is of the opinion that in the light of the policy expressed in the Allen case (supra) and in consideration of the more recent Special Term decisions favoring liberal disclosure, the following rule should be adopted: A party should disclose upon an examination before trial, after a proper foundation has been laid, the names of all witnesses observed by the party to be present at the scene of the occurrence out of which the lawsuit arose or whose identity was supplied to the party at the said scene. This rule should be applied whether the witnesses were passive or participating and no hardship or special circumstances need be shown in order to obtain their identity. •
The court is of the further opinion, however, that the rule should be different with respect to the identity of witnesses whose presence is learned through investigation subsequent to *624 the time of the occurrence. This investigation would not constitute work product of a party’s attorney (see Maffeo v. Comtois, supra; and Menyweather v. Niagara Frontier Tr. System, 53 Misc 2d 373), since such an investigation would not be work done by an attorney acting as an attorney, i.e., using his legal training and knowledge. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3101.44 and 3101.45.) Nevertheless, where a party obtains knowledge of the identity of witnesses through an investigation after the happening of the occurrence as distinguished from personal observation at the scene, such knowledge constitutes material prepared for litigation which is protected by CPLR 3101 (subd. [d]). (Rivera v. Stewart, supra; Dickinson v. Chock Full O’ Nuts, supra; Sanfilipo v. Baptist Temple, supra; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.11.) In this case, disclosure may only be obtained where the court finds that the identity of the witnesses can no longer be obtained by investigation because of a change in conditions and that withholding it will result in injustice or undue hardship. The court is aware of the contrary view on this point expressed by Professor Siegel in the 1968 pocket part to the Practice Commentary of McKinney’s Consolidated Laws of New York, CPLR 3101. Professor Siegel is of the opinion that it cannot be said that a witness’ name is ever “ created ”. While this may be technically true, the court is of the opinion, nevertheless, that the knowledge gained from an investigation concerning a witness’ relationship as an observer of an occurrence and his identity can be considered as being “ created” in preparation for litigation just as a statement obtained from a witness is afforded such classification. Such a limitation is in conformity with the practice in New York of not permitting a free examination of an opponent’s file. As stated in Rios v. Donovan (21 A D 2d 409, 413): “ While the policy of the Civil Practice Law and Rules is to broaden disclosure procedures, discovery should not be permitted to substitute for independent investigation of facts which are equally available to both parties.” Thus if the identity of witnesses is obtained through a party’s own efforts by a subsequent investigation following an accident, this information is immune from disclosure unless it cannot be duplicated and withholding it will result in undue hardship.
Application of the above rule to the instant case requires the reopening of the examinations before trial. On his original examination, the plaintiff was asked by the defendants’ counsel whether he knew of any witnesses to the occurrence other than the parties directly involved. He was also asked the following: “ Did anybody approach you at the scene of the accident or at *625 any time thereafter claiming that the party may have been a witness to the accident? ” These questions were proper and should have been answered. (Rios v. Donovan, supra, p. 414.) The plaintiff’s counsel, however, directed him not to answer either question. At this point the proper procedure would have been to apply to the Justice presiding in Special Term, Part II for a ruling. Instead, the defendants ’ counsel indicated on the record that he would make a formal motion for a ruling and permitted the examination to continue. Thereafter, the instant motion was made for much broader relief, i.e., an order requiring the plaintiff to disclose the identity and present whereabouts of any witnesses to the accident. In his opposing papers, the plaintiff’s attorney states that there is no showing that the plaintiff obtained the name of any witnesses at the scene of the accident and without this foundation the defendants’ motion must be denied. What he overlooks is that he created this situation by refusing to allow the plaintiff to answer the questions which would have demonstrated whether or not the plaintiff obtained the name of any witnesses at the scene of the accident. In the absence of an answer to this question together with any other questions necessary to establish a proper foundation, the court cannot make a rational determination as to whether the identity of any witnesses is known and, if so, whether that identity is or is not protected by CPLB 3101 (subd. [d]).
Accordingly, the parties are directed to appear for further examinations before trial, which shall be held before the Clerk of Special Term, Part II, of this court on a day and at a time to be fixed in the order to be entered hereon. Each party is directed to answer foundation questions relating to whether he knows of the identity of any witnesses and, if so, how he acquired such knowledge. If such knowledge was acquired in a manner that is not protected by CPLB 3101 (subd. [d]) (if the witness was observed by the party to be present at the scene of the occurrence or if the witness’ name was supplied to the party at the said scene or was learned in some way other than through an investigation in preparation for litigation), then the party shall state to the best of his knowledge and ability the name and address of the witness or witnesses or, lacking such particular information, shall describe the same. If there is any dispute, then an immediate ruling shall be sought from the Justice presiding in Special Term, Part II. If it develops that the identity of witnesses is known but was obtained by subsequent investigation in preparation for litigation and thus is protected by CPLB 3101 (subd. [d]), then the identity of those witnesses need not be disclosed without a further order of this court based *626 upon an application demonstrating that the identity of these witnesses can no longer be obtained because of a change in conditions and that the withholding of such identity will result in injustice or undue hardship.
The motion and cross motion are granted to the extent indicated and in other respects denied.