-Seymoub Boyebs, J.
This is a motion to compel the' disclosure of the identity of a witness.
In the instant case, both the supporting and opposing affidavits agree that the witness, whose identity is sought, arrived at the scene of the accident within 5 or 10 minutes after the occurrence. This person aided the plaintiff in that she drove the plaintiff home from the scene of the accident.
The name and address of the witness was withheld from the moving party defendant during an examination before trial of the plaintiff, on the ground that the person whose identity was sought was not a witness to the occurrence.
An examination of the cases reveals that there have been a number of recent decisions which have extended the “ active participant ” theory but none have gone so far as to direct disclosure of the identity of a person who arrived on the scene of an accident after the occurrence.
The leading case on the subject of disclosure is Allen v. Crowell-Collier Pub. Co. (21 N Y 2d 403).
In the Allen case, the Court of-Appeals held (p. 406) that the words contained in CPLR 3101 (subd. [a]) which provides that “ There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof”, should “be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity.”
*223 It is stated in Weinstein-Korn-Miller (N. Y. Civ. Prac., vol. 3, par. 3101.11, which cites CPLR 104 and 3101) that “ the trend is most definitely toward a more liberal rule.” That treatise expresses the opinion that “Where the identity of the witness is granted through direct observation at the time of the event, it should be subject to disclosure regardless of whether the witness was a so-called participant or a passive observer.”
In a recent case (Hartley v. Ring, 58 Misc 2d 618) Judge Mabgett in a searching analysis of the cases involving the subject of disclosure concluded (p. 623) that “ This liberal rule that the identity of witnesses, whether participants or not, is material and necessary and therefore subject to disclosure under CPLR 3101 (subd. [a]) is clearly in harmony with” the principle enunciated in the Allen case (21 N Y 2d 403, supra).
In the light of the policy expressed by the Court of Appeals in Allen v. Crowell-Collier Pub. Co. (supra) and in consideration of the more recent Special Term decisions favoring liberal disclosure, this court finds that disclosure should be permitted in the instant case.
The rule permitting disclosure of the identity of witnesses, arriving at the scene of the accident after the occurrence, should be granted only where the witness is so closely related to the occurrence that his testimony is material and necessary. In the instant case, both parties agree that the witness arrived at the scene of the accident. approximately 5 or 10 minutes after the oecurrenct and aided the plaintiff by driving her home. The court finds the witness, under these facts, to be so closely related to the accident that her testimony may be essential in aiding both parties to assess their case and determine the possibilities of success on the trial.
Accordingly, the plaintiff is directed to disclose the identity of the teacher, who arrived at the scene of the accident 5 or 10 minutes after the occurrence, by' supplying the defendant with her name and address within 10 days of service of a copy of this order with notice of entry.