■ JOSEPH VARNER, Respondent, v. CHARLES WINFIELD, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Nassau County, dated June 18, 1968,

which denied his motion to compel plaintiff to disclose the names and addresses of witnesses to the automobile accident upon which the action is based. Order affirmed, with $10 costs and disbursements. Plaintiff was allegedly injured when he was struck by defendant's automobile. Plaintiff was rendered unconscious while defendant and his passenger were apparently uninjured. At the examination before trial of plaintiff, it developed that his attorney had investigated the accident and obtained the names of witnesses. Plaintiff had been informed as to these names by his attorney, but when asked if there were any witnesses he complied with his attorney's instructions not to answer. Counsel for plaintiff refused to supply the names unless it were held that defendant was entitled to them. Defendant then moved to compel plaintiff to disclose and deposed that he was unable to obtain the names of witnesses despite his investigation and that the names were needed in order to prepare a defense. Recently we held that a party should be required to disclose the identity of witnesses to an accident if it appeared that such matter was not privileged under CPLR 3101 (subds. [c] or [d]) (*Peretz* v. *Blekicki*, 31 A D 2d 934). That holding was based on the liberal approach to disclosure adopted by the CPLR and recently reiterated in *Allen* v. *Crowell-Collier Pub. Co.* (21 N Y 2d 403). We are now faced with the issue of whether the identity of witnesses obtained through the investigation of an attorney of one of the parties, as opposed to the identity of a witness obtained at the scene by a party, is privileged. Several recent cases indicate that the identity of witnesses obtained by investigation after the accident is material prepared for litigation and thus conditionally immune under CPLR 3101 (subd. [d]) (see *Jones* v. *Turner*, N. Y. L. J., Sept. 11, 1969, p. 14, col. 8; *Hartley* v. *Ring*, 58 Misc 2d 618; *Rivera* v. *Stewart*, 51 Misc 2d 647). In *Hartley*, the court held (p. 624): "where a party obtains knowledge of the identity of witnesses through an investigation after the happening of the occurrence as distinguished from personal observation at the scene, such knowledge constitutes material prepared for litigation which is protected by CPLR 3101 (subd. [d])." We are in agreement with that rule. The knowledge gained from an investigation concerning a witness' relationship as an observer of an incident and his identity can be considered as being "created" in preparation for litigation just as a statement taken from a witness is given such classification (*Hartley* v. *Ring, supra*; *contra*, Supplementary Practice Commentary [1968] on CPLR 3101 [in McKinney's Cons. Laws of N. Y., Book 7B (Cumulative Annual Pocket Part)]). Since the names of the witnesses at bar are material prepared for litigation, they are immune "unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship" (CPLR 3101, subd. [d]). We are of the opinion that defendant has failed to establish that he can no longer duplicate the list of names because of a change in conditions and that withholding it will result in injustice or undue hardship. Brennan, Acting P. J., Hopkins and Martuscello, JJ., concur; Munder, J., dissents and votes to reverse the order and grant the motion, with the following memorandum, in which Benjamin, J., concurs: I cannot subscribe to the majority view that an eye witness to an accident can be shielded from discovery simply because his identity was gained through the investigation of plaintiff's attorney. What is rendered conditionally immune under CPLR 3101 (subd. [d]), is "1. any opinion of an expert prepared for litigation; and 2. any *writing* or *anything created* by or for a party or his agent in preparation for litigation" (emphasis supplied). A witness is neither a "writing" nor "anything created" for litigation. Here, defendant claims that a diligent investigation by his attorney failed to discover any persons who were present at the time of the accident. I think he should be afforded the

opportunity in advance of the trial to determine whether the witness to be proffered was in fact at the scene. I share the views expressed by Professor David D. Siegel in his Supplementary Practice Commentary (1968) on CPLR 3101 in the Cumulative Annual Pocket Part of McKinney's Consolidated Laws of New York in this respect. His analysis of the impact of *Allen* v. *Crowell-Collier Pub. Co.* (21 N Y 2d 403), in expanding the area of disclosure by redefining the phrase "material and necessary" to include matters "relevant" to the issues, was accepted by Mr. Justice Margett in *Hartley* v. *Ring* (58 Misc 2d 618, 623), which is relied upon by the majority. In *Hartley,* Judge Margett wrote that "the identity of witnesses, whether participants or not, is material and necessary and therefore subject to disclosure" (p. 623). However, he drew the further, and I believe untenable, distinction that a party must disclose the names of all witnesses observed by him at the scene or whose identity was there supplied to him, but not the name of any witness whose identity is learned through investigation after the accident. Such information, he concluded, would be conditionally immune, not as work product of the attorney but as "material prepared for litigation which is protected by CPLR 3101 (subd. [d])" (p. 624). The fault in such reasoning is that it employs the subdivision heading in its generality for the specifics of its text (cf. *Squadrito* v. *Griebsch,* 1 N Y 2d 471). The subdivision does not say that "material prepared for litigation" shall not be obtainable. It does say, "The *following* shall not be obtainable * * *: anything *created* by or for a party or his agent in preparation for litigation" (emphasis supplied). Eye witnesses to an occurrence are not created by a party. Mr. Justice Margett observed: "While this may be technically true * * * the knowledge gained from an investigation concerning a witness' relationship as an observer * * * can be considered as being 'created'" (p. 624). I draw no such distinction. Anything gleaned from a witness, observed at the scene or later discovered, whether in statement form or not, is protected from discovery. But if a trial is to be a real search for truth, it seems to me to be logically necessary that the identity of eye witnesses to an occurrence, however and whenever ascertained, should be subject to disclosure in advance of the trial.