### BERGMANN v. MANES et al.

(Supreme Court, Appellate Division, Second Department.   November 23, 1910.)

1. WITNESSES (§ 199*)—CONVERSATION BETWEEN ATTORNEY AND WITNESSES— PRIVILEGE.

On an issue as to a creditor's actual notice of bankruptcy proceedings against defendant, defendant's daughter testified that, in a casual conversation between herself and plaintiff, notice of the bankruptcy proceedings was conveyed, and on cross-examination she denied that she had conversed with any one as to the nature of her proposed testimony, and specifically with defendant's counsel. Later plaintiff called defendant's counsel to the stand, and inquired of him whether the witness had informed him as to the purport of her proposed testimony. *Held*, that the communication, if any, between the witness and the attorney, was not privileged.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 749–751; Dec. Dig. § 199.*]

2. BANKRUPTCY (§ 436*)—PROCEEDINGS—NOTICE TO CREDITORS—EVIDENCE.

On an issue as to whether plaintiff had actual notice of bankruptcy proceedings against defendant, evidence *held* insufficient to warrant a conclusion that plaintiff's address was unknown to defendant at the time of the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 436.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Samuel Bergmann against Max Manes and another. From a Municipal Court judgment in favor of defendant Manes, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

Samuel Chugerman, for appellant.
Weinberg Bros., for respondents.

JENKS, J. This action was brought upon two promissory notes, made and indorsed, respectively, by the defendant. The defense was a discharge in bankruptcy; but the answer did not allege that the plaintiff received notice of the bankruptcy proceedings, and it appeared that he was scheduled as a creditor of unknown address.

The defendant undertook to prove by his daughter that the plaintiff had actual notice of the bankruptcy proceedings in a casual conversation between her and him. Upon cross-examination she denied that she had conversed with any one as to the nature of her proposed testimony, and specifically with the counsel for the defendant. Later the plaintiff called that counsel to the stand, who had prepared the case for trial, and inquired of him whether the witness had informed him as to the purport of her proposed testimony. This was objected to, in that the communication was privileged, and the objection was sustained under exception. I think that the exception was well taken. The communication, if made, was that of a proposed witness, and not a client. The inquiry was material, as it went to the credibility of the sole witness for the plaintiff as to an important feature of the case. The plaintiff denied that any conversation of this character had taken place.

Further, I have grave doubts whether the proof was sufficient to warrant the conclusion that the address of the plaintiff was unknown to the defendant at the time of the proceedings in bankruptcy. The defendant's said daughter testifies that she had known the plaintiff for 12 or 14 years; that at the time of the alleged conversation she knew that he lived on Lafayette avenue; that she had been at his house in this borough, where her father also resided; that her father and her family were intimate with the plaintiff. The defendant did not take the witness stand, and it was stated that he was in business in Chicago, Ill. The plaintiff testifies that he had known the defendant for 15 years; that in April and May, 1909, the time of the initiation of the bankruptcy proceedings, he had lived for 3 years on Lafayette avenue; that the defendant in 1908 and 1909 had called at his house both socially and on business. And the counsel for the plaintiff testifies to admissions of the defendant that he had made a mistake by having *such a discharge* in bankruptcy; i. e., without notification of his creditors.

The judgment must be reversed and a new trial should be ordered; costs to abide the event.

WOODWARD, RICH, and CARR, JJ., concur. THOMAS, J., concurs, on the last ground stated in the opinion.