■ MADELINE BARTON, as Administratrix of the Estate of CHARLES WALLACE, Deceased, Appellant, v. DIESEL CONSTRUCTION CO., INC., Respondent.— Order, Supreme Court, New York County, entered on November 8, 1974, granting reargument and, upon reargument, adhering to the court's prior determination entered on July 12, 1974, in which it granted plaintiff's motion for discovery, but, at the same time, granted defendant's cross motion for a protective order to the extent of striking items Nos. 3 and 4 from plaintiff's notice of discovery, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of reinstating Item No. 3, except insofar as it seeks "witnesses' statements" and directing defendant to furnish plaintiff with names and addresses of witnesses and, as so modified, the order is affirmed, without costs.  Item No. 3, as modified, is not privileged and that which is sought therein does not constitute an attorney's work product. (CPLR 3101, subds. [b], [c].)  While it may be deemed material obtained in preparation of litigation, as envisioned by CPLR 3101 (subd. [d]), the items sought therein are obtainable since they can no longer be duplicated and withholding same would result in undue hardship to plaintiff (CPLR 3101, subd. [d]). Similarly, plaintiff is entitled to know the names and addresses of the witnesses whose statements were sought in Items Nos. 3 and 4 of plaintiff's notice, even if the statements themselves are not obtainable.  (*Zellman* v. *Metropolitan Transp. Auth.*, 40 A D 2d 248.)  Concur — Stevens, J. P., Lupiano, Capozzoli and Lane, JJ.

■ NEW YORK CITY CHAPTER OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant, v. CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent.— Order, Supreme Court, New York County, entered on or about June 20, 1974, and judgment entered thereon on September 11, 1974, affirmed, without costs and without disbursements.  Concur — Stephens, J. P., Markewich, Tilzer and Lynch, JJ.; Kupferman, J., dissents in part in the following memorandum: The plaintiff labor organization is a local chapter of the defendant and sought to restrain and enjoin "raiding" by the parent organization.  The parent had issued a separate charter for employees in Downstate Medical Center, and it is contended they attempted to have members of the defendant, who are part of the plaintiff local chapter, change their local affiliation.  Initially, the court at Special Term granted the plaintiff's motion for preliminary injunctive relief and denied the defendant's cross motion for summary judgment dismissing the complaint.  However, on reconsideration Special Term reversed itself and denied the preliminary relief, and granted judgment dismissing the complaint.  The change was due to consideration of the decision, dated July 22, 1953 of Corcoran, J. at Special Term in *New York City Chapter of Civ. Serv. Employees Assn.* v. *Civil Serv. Employees Assn.* (Index No. 15020/1952, affd. without opn. 283 App. Div. 918, mot. for lv. to app. den. 284 App. Div. 802).  While that decision affirms the right of the parent to organize new chapters, it does not determine the question as to "raiding".  Under the circumstances, while the preliminary injunction might not have been warranted, the plaintiff's complaint should not have been dismissed, nor should summary judgment have been granted against it.