Bertram R. Gelfand, S.
In this proceeding to judicially settle the account of the executors of the estate of Hanna Zalaznick, as executrix of the estate of Abraham Zalaznick, the accounting parties seek an order directing the objectants to serve and file a bill of particulars as to certain issues raised by the objections to the account. The particulars requested relate to issues upon which the objectants have the burden of proof. With reference to such issues the accountant has a right to the particulars of the objectant’s claims (see 4A Warren’s Heaton, Surrogate’s Courts, § 379, par 3). The motion is granted as to the items set out in the demand for a bill of particulars dated January 9, 1976 and the supplemental demand dated February 2, 1976, except as to item 7 of the supplemental demand.
The content of item 7 of the supplemental demand is as follows: "What are the names and addresses of the witnesses who will testify at the trial?” It is now well established that the names and addresses of witnesses to an event or an occurrence which will be in issue at a trial are discoverable. It is equally clear that the concept of what constitutes an event is to be broadly construed (Barton v Diesel Constr. Co., 47 AD2d 729; Zayas v Morales, 45 AD2d 610; Zellman v Metropolitan Tr. Auth., 40 AD2d 248). This does not amount to a blanket rule requiring the disclosure in a bill of particulars of each and every witness who may be called at a trial.
The thrust of the rule requiring the disclosure of witnesses to an event is to make the existence of eyewitnesses equally known to both sides. In an accounting proceeding, if specific *191 events and occurrences are at issue, the witnesses to such events should be disclosed to the same extent as in any other proceeding. This does not extend to a party having to absolutely determine and disclose his total trial strategy upon the submission of a bill of particulars by determining and disclosing each and every witness whom he may call on a multiplicity of issues which do not involve eyewitnesses to any occurrence or event. Such a rule would unduly restrict the flexibility of counsel in the preparation and trial of matters.
In the instant matter the objections of respondent and inquiry 5(h) of the supplemental demand for a bill of particulars present an apparent issue as to whether any offer was actually made to the now deceased executrix to buy certain real property and mortgages. If in the bill of particulars it is alleged that any such offer or offers were oral, the accountant would be entitled to know the eyewitnesses, if any, to such offers. The just result that is the goal of all litigation must flow from promoting by disclosure the fullest opportunity for all parties to present as much proof as may be available. This purpose must not be impugned by any advantage flowing from surprise. The occurrence of an oral offer to buy property is an event to which, if there were eyewitnesses, the failure to disclose their identity prior to trial can lead to undue advantage from surprise or undue delay of the trial so that a surprised adversary can be given a fair opportunity to adduce evidence to meet the testimony of an unexpected eyewitness. Respondent shall, in response to item 7 of the supplemental demand, disclose the names of eyewitnesses to any oral offer to purchase any realty or mortgage, setting forth next to each witness the oral offer he will testify to having witnessed, including the property involved, the amount of the offer, the date, time, and place of the offer. The balance of the request for the disclosure of witnesses set forth in item 7 is denied. The bill of particulars is to be served as directed within 10 days of the service of the order to be entered herein.