OPINION OF THE COURT
Eugene R. Wolin, J.
In June, 1977 Nathan Giles was arrested and indicted for the rape-sodomy of the plaintiff herein, Michele Reisch.[1] The incident for which Mr. Giles was indicted allegedly occurred during a burglary of Ms. Reisch’s apartment. Ms. Reisch subsequently brought the instant action seeking damages from the owners of her apartment building, defendants J & L Holding Corp. and L-Way Holding Corp., alleging that their negligence and failure to maintain *73 adequate security in the apartment building contributed to the alleged burglary and rape by Mr. Giles. This matter is now before the court upon the motion of the Legal Aid Society (Society), which represented Mr. Giles at arraignment,[2] to squash a subpoena served upon the Society by counsel for defendants. Pursuant to that subpoena counsel seeks to inspect the Society’s file in People v Giles (Docket No. N742727, Indictment No. 2353/77).[3]
The information sought by the defendants concerns the identity of witnesses who allegedly saw Ms. Reisch and Mr. Giles together at a party shortly before the alleged rape. The defendants contend that statements obtained by the Society from these witnesses were provided to the office of the District Attorney and that the evidence contained therein was instrumental in convincing the District Attorney to dismiss all the other counts in the indictment and to accept Mr. Giles’ guilty plea to criminal possession of a dangerous weapon.[4]
On this motion counsel for the defendants argues that this information is material and necessary to the defense of Ms. Reisch’s action and that any privilege which may have existed with regard to this material has since been waived. It is the position of the Society that the material sought was obtained as a result of the attorney-client relationship and additionally that the material is privileged either as the work product of an attorney or as material prepared for litigation. Although there may be some overlap with regard to this material, the privileges asserted are quite distinct and will be treated separately in this analysis.
*74 The attorney-client privilege is set forth in CPLR 4503 and the communications encompassed by it are absolutely privileged unless the privilege is waived by the client. However, this privilege should be narrowly construed in accordance with the Court of Appeals direction to allow liberal discovery to sharpen issues and avoid undue delay. (Allen v Crowell-Collier Pub. Co., 21 NY2d 403; 8 Wig-more, Evidence [McNaughton rev ed], § 2291; 5 Weinstein-Korn-Miller, NY Civ Prac, par 4503.01.) The privilege should only extend to communications between an attorney and his client and the burden is on the party seeking to invoke the privilege to establish a basis for its recognition. (Bloodgood v Lynch, 293 NY 308,) In the instant case the Society has failed to establish that the information sought, i.e., the identity and addresses of potential witnesses, was obtained as a result of confidential communications between Mr. Giles and an attorney from the Society and not as a result of an investigation undertaken by the Society. The law is well settled that the attorney-client privilege does not extend to communications the attorney may have with other witnesses. (Matter of King v Ashley, 179 NY 281; Bergmann v Manes, 141 App Div 102; Kenford Co. v County of Erie, 55 AD2d 466.) In addition, the Society has failed to rebut defendants’ assertion that the identity and location of these witnesses was provided to the District Attorney. Such disclosure would be a waiver of the privilege (Workman v Boylan Buick, 36 AD2d 978). On the facts of this case as presented on the motion, the court cannot extend the attorney-client privilege to the subpoenaed materials.
As to the privileges extended to an attorney’s work product pursuant to CPLR 3101 (subd [c]), that privilege is also absolute but in invoking this section the Society fails to distinguish between the names and addresses of the witnesses and any statements which may have been obtained either by a Society attorney or an investigator employed by the Society. While it is true that formerly the identity and location of a potential witness was not discoverable, that prohibition has been removed chiefly as a result of recent decisions in the area of negligence litigation. Although the courts in Hartley v Ring (58 Misc 2d *75 618), Varner v Winfield (33 AD2d 807) and Zellman v Metropolitan Transp. Auth. (40 AD2d 248) were primarily concerned with the issue of the eyewitnesses as “material prepared for litigation” pursuant to CPLR 3101 (subd [d]), the rule gradually evolved that the name and address of an eyewitness was not something prepared for litigation by the attorney and thus subject to disclosure to an adversary. This analysis was carried to its conclusion by the First Department in its decision in Hoffman v Ro-San Manor (73 AD2d 207). In that action, as in the case at bar, plaintiff, a rape victim, sought damages from the building owner alleging inadequate security. The defendant’s attempt to discover the names and addresses of potential witnesses on The issue of notice and the pre-existing condition of the building was resisted by plaintiff on the alternative grounds of work product (CPLR 3101, subd [c]) or material prepared for litigation (CPLR 3101, subd [d]). Both theories were rejected. The court limited the work product exemption of CPLR 3101 (subd [c]) “to those materials which are uniquely the product of a lawyer’s learning and professional skills, such as materials which reflect his legal research, analysis, conclusions, legal theory or strategy” (p 211). Simply because a potential witness may be uncovered by an attorney in the course of his investigation on behalf of his client was not a sufficient basis to sustain the privilege. Similarly the court could not find that the existence of a witness to an event or “to conditions bearing upon an event” would qualify as material prepared or created by an attorney in anticipation of litigation. Therefore no privilege existed pursuant to CPLR 3101 (subd [d]) for the names and addresses of potential witnesses. The Hoffman decision thus removes any distinction between eyewitnesses and other potential witnesses, uncovered during subsequent investigations for purposes of discovery by an adversary (cf. O’Connor v Larson, 74 AD2d 734).
The statements of those witnesses however stand upon a different footing. While not the subject of the attorney-client privilege, such statements would be materials prepared for litigation and subject to a conditional privilege under CPLR 3101 (subd [d]). (Zellman v Metropolitan Transp. Auth., supra; Warren v New York City Tr. Auth., *76 34 AD2d 749; Barton v Diesel Constr. Co., 47 AD2d 729.) As such, the statements can only be discovered upon a proper showing that the material contained therein is “material and necessary” to the movant’s case and that the material is no longer available or may be obtained only with difficulty. (Kandel v Tocher, 22 AD2d 513; Hickman v Taylor, 329 US 495.) In the case at bar movant has failed to establish that the material sought is unobtainable from any other source. If furnished with the names and addresses of these potential witnesses, counsel for defendants may contact them and take any other steps necessary to prepare for the defense of this lawsuit.
While the court is cognizant of the dangers involved in allowing discovery of a defendant’s file in a prior criminal action the developing trend in the case law would seem to warrant the limited intrusion requested in this case. The acts complained of are serious and the defendants herein should be afforded a full opportunity to answer them. The disclosure of the names and addresses of any witness may substantially benefit the defendants and in reality can no longer affect the criminal liability of Mr. Giles. Thus as there can be no possible prejudice to Mr. Giles to accept the Society’s position and to recognize an absolute privilege, on the facts of this case, would in essence allow the normal confidentiality accorded to an attorney’s file in a criminal matter to obstruct justice in a subsequent civil action, an action to which the criminal defendant is not a party and has no liability.
Therefore, the motion of the Legal Aid Society to quash the subpoena of defendants for the Society’s file on People v Giles (Docket No. N742727, Indictment No. 2353/77) is granted only to the extent of striking defendants’ request for all matters except the names and last known addresses of witnesses who may have seen plaintiff and Mr. Giles together prior to the events for which this action is brought.
The Society is directed to make a thorough search for the appropriate records and to turn over a witness list to counsel for defendants within 20 days of service upon the Society of a copy of this order. In the event that the file in People v Giles is not located, an attorney for the Society *77 shall provide defendants with an affidavit detailing the measures taken to locate the requested information.

. A New York County Grand Jury returned an indictment against Mr. Giles for rape in the first degree, sodomy in the first degree, burglary in the first degree, robbery in the first degree and criminal possession of a dangerous weapon in the fourth degree (affidavit of William H. Morris, Esq.). Prior to trial and upon application of the District Attorney all counts of the indictment were dismissed with the exception of the weapons charge. The court accepted the guilty plea of Mr. Giles to criminal possession of a dangerous weapon in the fourth degree. Mr. Giles is currently an inmate at a correctional facility in up-State New York.

. It appears from the papers submitted on the motion that although the Society initially represented Mr. Giles, after arraignment his defense was conducted by David Addison, Esq., an attorney appointed pursuant to article 18-B of the County Law. There is no indication that defendants have subpoenaed Mr. Addison’s file in this matter and he has not appeared on this motion.

. The subpoena requests the following information: “any and all records pertaining to the criminal defense of the action entitled The People of the State of New York v. Nathan Giles bearing Docket No. N742727 and Indictment No. 2353-77. Upon information and belief, this action was originally assigned to Mr. Jed Eisenstein who was later dismissed and replaced by Mr. David Addison. The request includes but is not limited to all investigation materials including the names of witnesses, witness statements, investigation reports and police reports pertaining to the above action.” However, in his papers in opposition, Mr. William H. Morris, Esq., counsel for defendants concedes that the subpoena is overbroad but presses his request for names, location and statement of witnesses. This decision will concern itself only with defendants’ request as modified by counsel.

. Affidavit of William H. Morris, Esq., counsel for defendants, page 2.