FIRST INTERSTATE BANK OF OREGON, N.A., Plaintiff,

v.

The NATIONAL BANK AND TRUST COMPANY OF NORWICH, N.A., Defendant.

Margaret M. HOOD, Jane Elizabeth Hood, Nancy Ellen Hood, and Sally Ann Hood, Plaintiffs,

v.

The NATIONAL BANK AND TRUST COMPANY OF NORWICH, N.A., Dr. Thomas Flanagan, and W. Carroll Coyne, Defendants.

Civ. Nos. 88–558–FR, 88–559–FR.

United States District Court, D. Oregon.

Aug. 18, 1989.

Michael J. Esler, John W. Stephens, Esler, Stephens & Buckley, Portland, Or., for Hood plaintiffs.

Robert E. Maloney, Jr., Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland, Or., for plaintiff First Interstate Bank of Oregon, N.A.

Albert J. Bannon, Patricia S. Eiting, Rappleyea, Beck, Helterline, Spencer & Roskie, Portland, Or., for defendants.

## OPINION

FRYE, District Judge:

The matter before the court is the motion of defendant The National Bank and Trust Company of Norwich, N.A. (Norwich) to compel plaintiff Margaret M. Hood to respond to certain discovery requests (# 84).

## BACKGROUND

This motion concerns one of two consolidated actions arising from the attempts of Hood to transfer trusteeship of two testamentary and two inter vivos trusts from Norwich to First Interstate Bank of Oregon. This court has considered numerous motions in these cases. To avoid duplication, this opinion will set out only the facts pertinent to the pending motion.

The third amended complaint in Civil No. 88–559–FR contains five claims by Hood against defendants Norwich, Dr. Thomas Flanagan, and W. Carroll Coyne: 1) wrongful use of civil proceedings, 2) abuse of process, 3) tortious interference with trust, 4) intentional infliction of emotional distress, and 5) violation of civil rights. Hood's case is based in large part on allegations that the defendants wrongfully secured from the New York Surrogate Court an *ex parte* order requiring that the trust assets be returned to Norwich. Hood further alleges that defendants wrongfully attempted to enforce the order.

## ANALYSIS AND RULING

Norwich moves to compel further responses to three categories of discovery requests:

1) defendants' Request for Production No. 6 and Interrogatories Nos. 1 and 5, which seek information regarding Hood's medical care;

2) defendants' request for all documents removed from the files of Edward Morrissey, the Hoods' accountant, prior to Morrissey's deposition; and

3) defendants' Interrogatory No. 3, which requests information regarding the Hoods' expert witnesses.

The court will address each category separately.

### 1. *Medical Care*

■ The discovery requests regarding medical care and Hood's responses to those requests are as follows:

*Request No. 6:* All medical records and reports of all plaintiffs for the last ten years, including but not limited to:

(a) all records and reports relating the physical care of plaintiffs (i.e., all family physicians and specialists consulted in the last ten years); and (b) records and reports relating to any psychiatric or mental health care received during the last ten years.

*Response:* (a), (b) any documents responsive to this request would be subject either to the doctor-patient privilege or the attorney-client/work product privilege and will not be produced.

*Interrogatory No. 1:*

Identify each doctor or other health care professional with whom you have consulted during the past ten years and for each such health care professional, describe: (a) when each consultation occurred; (b) the reason for seeking such consultation; (c) the diagnosis resulting from each consultation; (d) the treatment prescribed; and (e) the cost of such consultations.

*Answer to Interrogatory No. 1:*

Plaintiff Margaret Hood objects to this interrogatory as it is overbroad in terms of both time (10 years) and scope (all health care professionals). Plaintiff Margaret Hood objects to this interrogatory because it seeks to invade patient-physician privileged communications and plaintiff asserts her physician-patient privilege. OEC 504(1). Information relating to other health-care providers is irrelevant but, without waiving this objection, is as follows:

—St. Helena Smokers Clinic, stop smoking 1985.

—Physical therapist at Good Samaritan Hospital, physical therapy after auto collision.

—Patricia Morency, 2923 North Broadway, physical therapy after auto collision.

*Interrogatory No. 5:*

Identify any counselors, psychiatrists, psychologists, social workers, or other mental health professionals with whom you have consulted during the past 10 years and describe: (a) the dates of each consultation with a mental health professional; (b) the reasons for seeking each consultation; (c) the diagnosis resulting from each consultation; (d) the treatment prescribed for each diagnosis; and (e) the cost of such consultation.

*Answer to Interrogatory No. 5:*

See answer to Interrogatory No. 1 which is incorporated herein by this reference.

(Defendant Norwich's Motions to Compel, pp. 2–3).

Hood contends that the information sought by Norwich is protected by the physician-patient privilege under Oregon Evidence Code (OEC) § 504–1(2), and that she has not waived the privilege. Norwich contends that Hood has put her medical condition at issue, and so has waived the physician-patient privilege with respect to any medical records related to her claimed injuries.

The parties argue at some length over the choice of law to be applied in this dispute. However, it is unnecessary to choose between the law of the State of Oregon and the law of the State of New York because Norwich would be entitled to discovery under the law of either state.

■ First, some of the information sought by Norwich in the discovery requests quoted above is not covered by the physician-patient privilege. That privilege covers confidential communications made for the purposes of diagnosis or treatment of the patient's physical condition. OEC 504–1(2). The privilege does not extend to facts regarding the existence of the physician-patient relationship, such as the identity of health care providers and the dates of treatment.

With regard to information which is within the scope of the privilege, such as the actual communications between physician and patient, the patient waives the privilege by putting her medical condition in issue in a lawsuit. Although voluntary disclosure does not occur with the mere commencement of litigation, disclosure does occur upon the patient's offering of any person as a witness who testifies as to the condition. OEC 511.

The court has not located any reported case under Oregon law which addresses the fact situation before this court. However, under Oregon law, the physician-patient privilege is waived by statute to the extent of permitting a defendant to demand a copy of all written reports relating to injuries for which recovery is sought in a personal injury action. Or.R.Civ.P. 44(C); *Woosley v. Dunning,* 268 Or. 233, 520 P.2d 340 (1974). Although this provision is found in the Oregon Rules of Civil Procedure, it embodies substantive state law regarding the physician-patient privilege.

In this case, Hood has disclosed the names of two doctors whom she intends to call at trial as expert witnesses. *See* Discussion in Section 3, *infra.* Thus, Hood has made it clear that she intends to waive the physician-patient privilege with respect to her claim for mental anguish. It would violate the principles of full and fair litigation to allow Hood to frustrate discovery as to injuries for which she is claiming damages. Therefore, the court finds that Norwich is entitled to discovery relating to Hood's claims for mental anguish.[1]

The requests by Norwich seek records and information regarding all medical care for the past ten years. The events which are alleged to have caused mental anguish to Hood occurred in 1987 and 1988. Therefore, the court restricts discovery of material regarding medical care to the period from 1987 to the present.

---

1. The result would be the same under New York law. The New York courts have held that the physician-patient privilege, found at CPLR § 4504, is waived by the filing of a lawsuit involving the plaintiff's physical or mental condition. *Hoenig v. Westphal,* 52 N.Y.2d 605, 439 N.Y.S.2d 831, 422 N.E.2d 491 (1981).

## 2. Accountant Files

■ On April 27, 1989, Norwich deposed one of Hood's accountants, Edward Morrissey. Prior to this deposition, Hood's attorney removed certain documents from a file that Morrissey maintained relating to Hood's affairs. Norwich seeks production of those documents. Hood asserts the attorney-client privilege. The documents at issue consist of communications between Hood and her attorneys.

Morrissey is not a client or representative of Hood's attorneys. However, Hood contends that she did not waive the attorney-client privilege by disclosing the documents to Morrissey because Morrissey acted as a mere conduit or mailman for communications between Hood and her attorneys. Morrissey has submitted a declaration in which he states that he merely served as a conduit for communications between Hood and her attorneys, that he did not read the materials, and that he retained copies to return to Hood. Hood does not contend that Morrissey was acting as her representative within the terms of OEC 503(2)(a).

The record does not support Hood's position that Morrissey is not a third party for the purposes of the attorney-client privilege. Hood submits no authority in support of her contention that she could use an independent contractor such as Morrissey as a conduit for legal correspondence without waiving the attorney-client privilege. The record indicates that Morrissey not only transmitted communications between Hood and her attorneys, but also kept copies of such correspondence.

Therefore, the court finds that Hood waived the attorney-client privilege as to the documents removed from Morrissey's files.[2] Hood must produce those documents to Norwich.

## 3. Expert Witnesses

■ Norwich moves for an order compelling Hood to respond fully to Interrogatory No. 3, which requests:

*Interrogatory No. 3:* Identify each person you expect to call as an expert witness retained by you and state the subject matter on which the expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds for that opinion.

*Answer to Interrogatory No. 3:*

Dr. Stubbs

Dr. William Senders

The nature of their testimony is privileged.

(Defendant Norwich's Motions to Compel, p. 4).

This interrogatory mirrors the language of Fed.R.Civ.P. 26(b)(4)(A)(i), which provides for discovery regarding expert witnesses. As discussed above in Section 1, Hood may not use the physician-patient privilege as a shield against discovery of matters which she has put in issue. It is clear from Hood's response that she intends to have Drs. Stubbs and Senders testify as to their examination and treatment of Hood. Therefore, Hood has waived the physician-patient privilege as to these doctors, and Norwich is entitled to discovery as provided by Fed.R.Civ.P. 26.

## CONCLUSION

The motion of Norwich to compel further discovery from Hood (# 84) is granted in part and denied in part, as follows:

Hood is required to respond to Request No. 6 and Interrogatories Nos. 1 and 5, but only for the period from 1987 to the present.

Hood is required to produce the documents removed from the file of her accountant, Edward Morrissey.

Hood is required to provide a full response to Interrogatory No. 5 regarding expert witnesses.

The request of Norwich for costs and attorney fees is denied.

---

2. The same result is obtained under New York law. *See* CPLR § 4503; *Reisch v. J & L Holding Corp.*, 443 N.Y.S.2d 638, 111 Misc.2d 72 (S.Ct. 1981).